KNUDSON et al. v. HULL et al.

No. 2693.   Decided April 22, 1915 (148 Pac. 1070).

FISH— GAME—PRIVATE RIGHTS.   Though defendants confessedly were entitled to hunt and fish in a river, that right does not entitle them when plaintiffs' property is covered with  water to hunt and fish on the water submerging plaintiffs' land.

Appeal from District Court, First District; *Hon. J. D. Call,* Judge.

Action by Charles W. Knudson and John C. Knudson, partners doing business as Knudson Bros., against James Hull, Sr., and another.

Judgment for defendants.   Plaintiffs appeal.

REMANDED with directions.

*Johnson & Johnson* for appellants.

*Wm. E. Davis* for respondents.

STRAUP, C. J.

The plaintiffs, in Box Elder County, are the owners of about 18 or 20 sections of land along the mouth of Bear River. The river is a natural stream having its source in Utah, flowing north through parts of Wyoming and Idaho, and then south through Utah, and emptying into Great Salt Lake. Most of the lands are low, swampy, and marshy, and not suitable for anything except grazing, hunting and fishing.   The action

is to restrain alleged trespasses. The defendants disclaim any right to enter upon the lands. The action was dismissed as to Hull, Jr. The record shows that the other defendant for several years, in hunting and fishing, entered and trespassed upon the lands by walking and driving over and camping on them. He claims no right to do that. On the other hand, it is conceded that he had the right to hunt and fish on the river. Portions of the year the waters of the river along the lands for some considerable distance overflow and spread over the lands, rendering them swampy and marshy, causing on them sloughs, lakelets, and surface waters.

What divides the parties is this: The defendant, while disclaiming any right to go upon the lands, that is, to walk or drive on them, yet claims the right to go on them anywhere to hunt and fish where the waters of the river have spread over the lands, and thus, in that way, claimed the right to hunt and fish on the waters so spread over or coursing through the land. The plaintiffs claim that defendant's right to hunt and fish was restricted to the waters of and in the natural channel of the river, and that it did not extend beyond that.

The judgment of the court below is, that the defendant "be, and he is hereby, forever enjoined and restrained from camping, fishing, and hunting upon plaintiffs' said lands, other than upon the waters of Bear River, including its navigable channels, branches, and sloughs, and the beds thereof." All channels and waters were regarded "navigable" on which a row or motor boat could be propelled. The plaintiffs appeal. Both parties regard the judgment as an adjudication, granting to the defendant the right to hunt and fish as claimed by him. We shall so regard it. So regarding it, we think the judgment wrong. The defendant's right to hunt and fish on the river may be conceded. That, however, does not give him the right to hunt and fish on waters on plaintiffs' lands, caused by overflows, or on sloughs, marshes, lakelets, or other waters on the lands, not a part of the natural channel of the river. That ought to have been the judgment.

The case is therefore remanded, with directions that such a judgment be entered. Costs to appellants.

FRICK and McCARTY, JJ., concur.