Argued June 23, decided July 28, 1908.

## STATE *v.* HAMMELSY.

[96 Pac. 865; 17 L. R. A. (N. S.) 244.]

FALSE PRETENSES—DEFINITION.
1. A false pretense is a representation of some fact or circumstance, calculated to mislead, which is not true.

SAME—"OBTAINING MONEY OR PROPERTY BY FALSE PRETENSES."
2. The gist of the statutory offense of obtaining money or property by false pretenses, is obtaining money or property from another by deceit, fraudulently and feloniously superinduced by the beneficiary; and, when one by his acts intentionally creates a false belief, with intent to deprive another of his property, and does so, it is immaterial to his guilt whether such belief is induced by words or acts, or both.

BILLS AND NOTES—"CHECK" DEFINED—FRAUDULENT CHECKS.
3. A check is an order on a bank purporting to be drawn upon a deposit of funds. Under Section 4463, B. & C. Comp., providing that by drawing a check the drawer engages that it will be paid on presentation; when a check is given with the fraudulent and felonious purpose of obtaining another's property, with knowledge of the drawer that he has neither money nor credit at the bank, and that the check will not be paid, he is guilty of obtaining money by false pretenses, though he makes no other representation in reference thereto.

From Jackson:  HIERO K. HANNA, Judge.

The respondent, G. L. Hammelsy, was indicted for obtaining money by false pretenses, and the State appeals from a judgment sustaining a demurrer to the indictment.                          REVERSED.

For the State there was a brief over the names of *Allen E. Reames,* Prosecuting Attorney, *Clarence L. Reames,* Deputy, and *Andrew M. Crawford,* Attorney-General, with an oral argument by *Mr. Crawford.*

For respondent there was no appearance.

MR. CHIEF JUSTICE BEAN delivered the opinion.

The defendant was indicted for obtaining money by false pretenses, the false pretense being a check, drawn by himself to his order on a bank, which he indorsed, and fraudulently and feloniously presented and delivered to one Orr, with intent to defraud, knowing at the time that he had no funds in the bank for payment of such check, and that it was worthless. A demurrer to the indictment was sustained, on the ground that it does not allege that any false or deceitful means were used by defendant to induce Orr to accept the check, such as representing that he had money or credit at the bank, or that it would be paid on presentation, or the like.

1. In support of the ruling it is argued, that the mere drawing and passing of a check on a bank in which the drawer has no funds or credit, is not a false pretense, although it may be done for the purpose of fraudulently obtaining property or money from another, and with the knowledge of the drawer that the check is worthless and will not be paid. A false pretense is a "representation of some fact or circumstance, calculated to mislead, which is not true" (Anderson's Law Dict. page 808); or, as Mr. Bishop defines it, "a false pretense is such a fraudulent representation of an existing or past fact by one who knows it not to be true, as is adapted to induce the person to whom it is made to part with something of value" (2 Bishop's Criminal Law, § 415).

2. The pretense need not be in words, but may be implied from the acts of the party. The gist of the offense, against which the statute is directed, is obtaining money or property of another by deceit, fraudulently and feloniously superinduced by the beneficiary; and, when one by his acts intentionally creates a belief, as to an existing fact, which is false, with the intent to deprive another of his property, and does so, it cannot matter whether the erroneous belief was induced by words or acts, or both. Mr. Wharton (2 Wharton, Crim-

inal Law [9th ed.] § 1170) says "the conduct and acts of a party will be sufficient, without any verbal assertion." 'He cites several cases in support of the text, among which is that of a person who assumed the garb of an Oxford student, and by such garb and his conduct represented himself to be a student of the university, and so obtained funds. It was held that the false pretense was complete, although not a word passed as to his status. So, also, it was held to be a false pretense, when a prisoner obtained money from an officer of a postoffice by indorsing and presenting to her, for payment, an order in favor of another person, although he did not make any false declaration or assertion to obtain the money. *Rex* v. *Story,* R. R. C. C. 80. And, again, the offering of the worthless bill in satisfaction of an obligation is within a statute providing for the punishment of any one who, by false pretense, with intent to commit a fraud, obtains the property or money of another, although no representations are made as to the value of the bill. *Commonwealth* v. *Beckett,* 119 Ky. 817 (84 S. W. 758: 68 L. R. A. 638: 115 Am. St. Rep. 285). In ruling upon this case, the court said that the mere offering of the bill in payment of the obligation, "amounts to an assertion or representation by conduct, which may be as efficacious to convey an idea, or to constitute the basis of a reasonable belief, as though exact and appropriate words had been used. Words are used to express ideas. Signs might be used instead. Conduct that conveys necessarily the same idea, and intended to do so, is, by a substitute for the words or signs, expressive of it. We have no doubt but that the use of a worthless bill, pretending it is valid, and with the intent to defraud, is a false token under the statute."

3. Now a check is an order on a bank purporting to be drawn upon a deposit of funds, and the drawer engages that on presentation it will be paid. Section 4463,

B. & C. Comp. The giving of such an instrument is therefore as much of a representation that the drawer has money or credit with the bank, as if he had made an oral statement or declaration to that effect. And when the check is given with the fraudulent and felonious purpose of obtaining the property of another, with knowledge of the drawer that he has neither money nor credit at the bank, and that the check will not be paid, it is within the statute, although the drawer made no other representation in reference thereto. It was so ruled in the early case of *Rex* v. *Jackson*, 3 Campbell, 370. And the doctrine has been approved by the courts and text-writers, and it is generally agreed that it is not necessary that the drawer should have told the person to whom he gave the check that he had funds or credit in the bank. 12 Am. & Eng. Enc. Law (2 ed.) 838; Rapalje, Larceny, § 402; 2 Wharton, Criminal Law, §2107; McClain, Criminal Law, § 674; Underhill, Criminal Evidence, § 444; *People* v. *Donaldson*, 70 Cal. 116 (11 Pac. 681) ; *People* v. *Wasservogle*, 77 Cal. 173 (19 Pac. 270) ; *Commonwealth* v. *Drew*, 19 Pick. (Mass.) 179; note to *Barton* v. *People*, 25 Am. Rep. 375-380. The Texas cases, *Ayers* v. *State*, 37 Tex. Crim. Rep. 1 (38 S. W. 792), *Brown* v. *State*, 37 Tex. Crim Rep. 104 (38 S. W. 1008: 66 Am. St. Rep. 794), and *Blackwell* v. *State*, 41 Tex. Crim. Rep. 104 (51 S. W. 919: 96 Am. St. Rep. 778), which apparently hold a contrary doctrine, are under a statute different from ours, and in the construction of which the courts of that State hold that, before a defendant can be convicted, there must be a distinct and certain representation of an existing fact, and the indictment must show such certain and distinct representation of the fact, either past or present. *Martin* v. *State*, 36 Tex. Crim. Rep. 125 (35 S. W. 976). From our examination of the question we are constrained to believe, that the court below was in error in sustaining the demurrer.

Judgment reversed.                              REVERSED.