191 P.2d 359

**JOHN HANCOCK MUT. LIFE INS. CO. v. HAWORTH, Tax Commissioner, et al.**

No. 7400.

Supreme Court of Idaho.

March 16, 1948.

Robert E. Smylie, Atty. Gen., and J. R. Smead, Asst. Atty. Gen., for appellants.

Ray E. Durham, of Lewiston, for respondent.

BUDGE, Justice.

This is an appeal from a declaratory judgment. Respondent, Insurance Company, was plaintiff in the court below. The present state officers were substituted in place of those who had been such when the action was commenced. There is involved approximately $20,000 which is claimed by the State as unpaid income tax due from respondent to the State for the years 1943 and 1944.

Briefly stated, respondent is a foreign life insurance company authorized to do business in Idaho. Considerable real property was acquired by it, due to the foreclosure of mortgages securing loans made in various parts of the state. In 1943 and 1944 part of such real estate was sold netting the company a profit upon which it is contended respondent owes an income tax, together with interest thereon.

The Company contends that the whole question of its liability is controlled by sec. 61-2437, I.C.A., which reads as follows:

"61-2437. Life insurance companies—Gross income defined—* * * a. In the

case of a life insurance company the term 'gross income' means the gross amount of income received during the taxable year from interest, dividends, and rents arising within the state of Idaho. * * *" which statute relieves it of any income tax liability other than from interest, dividends, and rents arising within the state.

Appellants contend that the 1933 amendments to the Property Relief Act of 1931, which included substitutions in certain instances of entirely new and different statutes than originally contained in said act, changed the status of such companies as respondent, and has made them liable in case of income derived from dealings in, and sales of, real property owned by them within the state. Appellants further contend that said Property Relief Act as it now exists, and has existed since 1933, imposes not an income tax, but an excise or privilege tax upon life insurance companies as well as other corporations.

■■■ We are not in accord with appellants' contention that the tax sought to be imposed against respondent is an excise or privilege tax exacted for the privilege of doing business in this state. An examination of the following legislative enactments designates the various acts as "income tax" acts: The title to Chap. 2, Sess. Laws 1931 (Ex. Sess.) reads, in part, as follows: "Providing for the levying and collecting of an income tax." Chap. 159, Sess. Laws 1933, amending numerous sections of Title 61, Chap. 24, I.C.A., after enumerating said sections of the code, reads, in part: "Relative to the levy and collection of an income tax." Section 40-804, I.C.A., as amended (Chap. 168, Sess. Laws, 1933), provides for the payment by life insurance companies of a 3% tax on all gross premiums, less certain deductions, and sec. 40-806, I.C.A., provides that the payment of said 3% tax be made within thirty days after the filing of the required statement, and when so paid "shall be in lieu of all other taxes upon premiums and upon the personal property of such companies and the shares of stock or assets thereof." This excise tax constitutes what is commonly called a privilege tax imposed for doing business in this state as a life insurance company. This is not the tax sought to be recovered in this action.

If we understand the pleadings, and particularly the cross-complaint filed by appellants and upon which it seeks a declaratory judgment, it is an action for the recovery of an income tax on profits derived from the sale of real estate owned and sold by respondent in the State of Idaho in the years 1943 and 1944. In the prayer of the cross-complaint it is alleged: "Wherefore, plaintiff prays that this Honorable Court make and enter its declaratory judgment adjudging that under the Income Tax Laws of the State of Idaho relating to life insurance companies" respondent is indebted to the State of Idaho for delinquent income tax,

plus interest, on real estate profits derived from the sale of real estate by respondent in the State of Idaho during the years of 1943 and 1944, as hereinbefore stated.

A life insurance company is not an ordinary corporation. Section 61-2435, I.C.A., in the income tax law, defines a life insurance company as one "engaged in the business of issuing life insurance and annuity contracts." A life insurance company is not authorized to engage in general business enterprises, it is restricted in its activities and business. This is manifested by the provisions of Title 40, Chap. 6, I.C.A. Section 40-602 limits the manner in which its funds can be invested; sec. 40-603 provides that even foreign insurance companies are restricted in the same manner as domestic insurance companies; sec. 40-604 further restricts the type of investments; sec. 40-606 imposes restrictions on the corporation's right to hold real estate. If it acquires land through foreclosure or in satisfaction of money it has loaned, it must dispose of the real property thus acquired within five years, or such further extension as the Department of Finance may grant. A life insurance company being limited in its source of revenue, its investment of its revenue, and its obligation to pay the 3% tax on gross premiums received, would justify the legislature in limiting its gross income, for income tax purposes, to interest, dividends,

and rents as provided in sec. 61-2437, subd. a. I.C.A. Subdivision a. was not amended by reference in the 1933 Sess. Laws, or by any other legislative enactment that has been called to our attention. In the enumerated sections to the code in the 1933 Sess. Laws, sec. 61-2437 is omitted. All sections of the code designated as amended by the 1933 Sess. Laws superseded said sections. While a section or part of a section is amended, it is not to be considered as having been repealed and reenacted in its amended form, but the portions which are not altered are to be considered as having been the law from the time of their enactment. Section 61-2437, subd. a, not being amended remained as originally enacted. No new law being enacted to take its place or to change its phraseology raises a presumption that a departure from the old law was not intended. In re Wilson's Estate, 102 Mont. 178, 56 P.2d 733, 738, 105 A.L.R. 367; 50 Am.Jur. sec. 561, p. 562.

In United Pac. Ins. Co. v. Bakes, 57 Idaho 537, 547, 67 P.2d 1024, 1029, this court, quoting from Diefendorf v. Gallet, 51 Idaho 619, 642, 10 P.2d 307, said:

"'The state has the power to classify for the purposes of taxation, only limited by the rule that the classification must be reasonable and founded upon differences between the parties. The equality clause does not forbid reasonable classification. Discrimination through classification is said to violate that clause only where it is such

**192**

as to preclude the assumption that it "was made in the exercise of legislative judgment and discretion." Stebbins v. Riley, 268 U.S. 137, 45 S.Ct. 424, 426, 69 L.Ed. 884, 44 A.L.R. 1454.' "

■ In J. C. Penney Co. v. Diefendorf, 54 Idaho 374, 388, 32 P.2d 784, 790, this court said:

"This court has specifically held that the Legislature has the right and power to classify for taxation purposes, and in so classifying make exemptions."

■ In sec. 61-2437, subd. a, supra, the legislature in defining the term "gross income" of life insurance companies to mean the gross amount of income received during a taxable year from interest, dividends, and rents arising within the state, legislated within its power so to do. The language of the act candidly expresses its design and purpose. The rule would seem to be that:

" 'The plain, obvious, and rational meaning of a statute is always to be preferred to any curious, narrow, hidden sense that nothing but the exigency of a hard case and the ingenuity and study of an acute and powerful intellect would discover.' " Independent Life Ins. Co. v. Com'r of Internal Revenue, 17 B.T.A. 757, 766. See, also, State v. Jutila, 34 Idaho 595, 202 P. 566; Drainage Dist. No. 2 v. Ada County, 38 Idaho 778, 226 P. 290.

Rule of construction to consider object and purpose has no place when words of act leave no doubt. Boise Ass'n of Credit Men v. Seawell, 47 Idaho 473, 276 P. 318.

■ Section 61-2437, supra, being a particular statute defining gross income of a particular class of taxpayers, will prevail over the general statute defining gross income, and will prevail over a general statute in case of necessary conflict. Oregon Short Line, etc., R. Co. v. Minidoka County School Dist., 28 Idaho 214, 153 P. 424.

■ We are of opinion there is no merit in appellants' contention that sec. 61-2437, supra, was repealed by implication by the enactment of chap. 159, Sess.Laws, 1933.

■ There is no manifest legislative intention expressed in the 1933 Sess.Laws that sec. 61-2437, supra, be either amended or repealed. The presumption is that a general or broad act was not designed to repeal a special or specific act, but that the special or specific act was intended to remain in force as an exception to the general or broad act. Hence, it is a canon of statutory construction that a later statute general in its terms and not expressly repealing a prior special or specific statute, will be considered as not intended to affect the special or specific provisions of the earlier statute, unless such intention is clearly manifested or unavoidably implied. Unless there is a plain indication of an intent that the general act shall repeal the special act, the special act will continue to have effect, and the general words with which it conflicts will be restrained and modified ac-

cordingly, so that the two are to be deemed to stand together, one as the general law of the land, and the other as the law of the particular case. 50 Am.Jur. sec. 564, p. 565; Hemmer v. United States, 204 F. 898, 906, 123 C.C.A. 194.

"The repeal of statutes by implication is not favored. The courts are slow to hold that one statute has repealed another by implication, and they will not make such an adjudication if they can avoid doing so consistently or on any reasonable hypothesis, or if they can arrive at another result by any construction * * * which is reasonable. Also, the courts will not enlarge the meaning of one act in order to hold that it repeals another by implication, nor will they adopt an interpretation leading to an adjudication of repeal by implication unless it is inevitable, and a very clear and definite reason therefor can be assigned * * * unless a legislative intent to repeal or supersede the statute plainly and clearly appears. The implication must be clear, necessary, and irresistible. * * *" 59 C.J. sec. 510, p. 905; 50 Am.Jur. sec. 538, p. 542.

Section 61-2437, supra, is a special act limited to a particular class, or seems to have been so intended by the legislature. Said section defining gross income of life insurance companies as the gross amount received from interest, dividends, and rents was taken from the Federal Income Tax Law, being subsec. (c), subd. (1), sec. 201, Title 26 U.S.C.A.Int.Rev.Code. This Federal Statute was construed as excluding capital gain in ascertaining gross income. Independent Life Ins. Co. v. Com'r of Internal Revenue, 17 B.T.A. 757; Helvering v. Independent Life Ins. Co., 292 U.S. 371, 54 S.Ct. 758, 78 L.Ed. 1311; Federal Income Tax Regulations 111, sec. 29.201—1.

The Federal Income Tax Law, the rules and regulations promulgated by the administrators of that law, and the decisions of the courts interpreting that law are binding upon this court insofar as they are not in direct conflict with the plain provisions of the Idaho Income Tax Law. Section 61-2477, I.C.A.; Articles 77.1 Idaho Income Tax Regulations; Girard v. Defenbach, 61 Idaho 702, 106 P.2d 1010.

We have reached the conclusion that there was no legal justification to support the action of the Tax Commissioner in making the additional assessments against respondent insurance company for the years 1943 and 1944, said company not being liable therefor, its liability being restricted and limited to the provisions of section 61-2437, subd. a, I.C.A.

The judgment of the district court is affirmed.

GIVENS, C. J., and MILLER and HYATT, JJ., concur.

HOLDEN, J., sat at the hearing but did not participate in the decision.