286 P.2d 646

The STATE of Idaho, Plaintiff-Respondent,

v.

Austin LARSEN, Defendant-Appellant.

No. 8218.

Supreme Court of Idaho.

June 29, 1955.

Gerald Staudacher, Montpelier, for appellant.

Graydon W. Smith, Atty. Gen., J. R. Smead, Asst. Atty. Gen., for respondent.

KEETON, Justice.

Appellant was charged by an information filed by the prosecuting attorney of Caribou County of obtaining property, to-wit: a 1953 Ford sedan, the property of R. J. Coppard, under false pretenses, in violation of Section 18–3101, I.C. He was found guilty by verdict of a jury and sen-

tence imposed. A motion for a new trial was denied. Appeal was taken from the judgment of conviction and the order denying the motion for a new trial.

Section 18–3101, I.C., reads in part as follows:

"Every person who knowingly and designedly by any false or fraudulent representation or pretense, defrauds any other person of * * * property * * * is punishable in the same manner and to the same extent as for larceny of * * * the value of the property so obtained; * * *."

The complaining witnesses, Mr. and Mrs. Coppard, own and operate a garage in Soda Springs, in Caribou County. February, 1954, appellant purchased a used Chevrolet automobile from them, representing himself to be a used car dealer. Said witnesses testified that March 4, 1954, appellant by telephone made inquiry relative to a Ford Victoria car kept by the Coppards for sale, which had been previously examined by him; that appellant offered to pay $2,000 for the car; that on the afternoon of March 4, 1954, he came to the business establishment of the complaining witnesses, gave a check payable to R. J. Coppard Garage for $2,000 drawn on the First National Bank of Murray, Utah. The car was delivered to him and he was given a bill of sale and certificate of title.

The check was deposited in a bank at Soda Springs and thereafter returned by the drawee bank marked "account closed".

It was proved that for two weeks prior to the time the check was drawn appellant had no account or deposit in said Murray bank. Thereafter, in April, 1954, appellant was arrested in Utah and returned to Idaho. The car which had been driven approximately 5,000 miles subsequent to March 4th was recovered.

The bill of sale and certificate of title delivered to appellant are dated March 2, 1954, and the check, according to the records at the Soda Springs bank, was deposited March 3rd.

In assignments of error appellant challenges the sufficiency of the evidence to sustain the charge against him; alleges that he made no misrepresentations of any past or present fact; challenges certain instructions hereinafter discussed, and the refusal of the court to give requested instructions; and, lastly, the admission of certain evidence.

It is the contention of appellant that the documentary and other evidence shows conclusively that the transaction occurred March 2nd or 3rd, and as the check for $2,000 delivered in payment of the automobile is dated March 4th, and the information alleges the offense to have occurred on March 4th, that no crime was committed, and therefore the court erred in refusing to advise the jury to acquit him.

█ The check for $2,000 given in payment for the automobile was a present transaction. Whether the transaction oc-

curred March 3rd, as contended by appellant, or March 4th, as contended and testified to by complaining witnesses, we deem of no importance. The check was delivered as a cash payment for the automobile, and accepted as such by the complaining witnesses. Appellant did not pretend to be giving the witnesses a post dated check to be paid in the future. The sale was a present, completed transaction, and by the use of the bogus check, appellant obtained possession of the car, bill of sale and certificate of title.

If, as appellant contends, it was post dated one day, he did not direct attention to such fact nor ask the payee to hold the check, or otherwise in any manner indicate that the check was not a valid order for the immediate payment of money. It was given and accepted as a valid order for the present payment of $2,000. The appellant knew he had no funds or credit in the drawee bank at the time the check was delivered, nor thereafter.

While the date of the offense is alleged in the information to be March 4th, such time is not the essence of the crime, nor material to the issues. While time must be laid, the precise date need not be proved except in cases where it is the essence of the offense. State v. Rogers, 48 Idaho 567, 283 P. 44; 42 C.J.S., Indictments and Informations, § 124, page 1005, and § 125, page 1007.

The giving of a check at the time of a purchase by a purchaser who knows that he has neither funds nor credit in the drawee bank is a false representation of the existence of a present fact. Williams v. Territory, 13 Ariz. 27, 108 P. 243, 27 L.R.A.,N.S., 1032; 2 Bishop Crim.Law, Sec. 421; State v. Tanner, 22 N.M. 493, 164 P. 821, L.R.A.1917E, 849; State v. Cody, 116 Or. 509, 241 P. 983; State v. McCormick, 57 Kan. 440, 46 P. 777; State v. Cooper, 169 Iowa 571, 151 N.W. 835; Lesser v. People, 73 N.Y. 78; Rex v. Sector, 14 Sask.L.R. 83, 35 Can.Crim.Cas. 15; State v. Meeks, 30 Ariz. 436, 247 P. 1099; Johnson v. People, 110 Colo. 283, 133 P.2d 789; People v. Etzler, 292 Mich. 489, 290 N.W. 879; People v. Lehrer, 182 Misc. 645, 45 N.Y.S.2d 170.

Appellant's actions and conduct by written and spoken words, and by concealment, created a justifiable belief that a fact existed which he knew to be false and he thereby induced the complaining witness Coppard to sell the automobile. Under such circumstances he obtained the automobile by false pretenses. State v. Hammelsy, 52 Or. 156, 96 P. 865, 17 L.R.A.,N.S., 244; State v. Moore, 189 Wash. 680, 66 P.2d 836; 22 Am.Jur. 455, Secs. 18 and 19.

"A false pretense may consist in any act, word, symbol, or token calculated and intended to deceive; it may be made expressly or by implication, and where it is expressed in words, the words may be oral, as well as written, unless the statute requires them to be in writing." 35 C.J.S., False Pre-

tenses, § 17, page 654. See also, 35 C.J.S. §§ 18 and 19, page 655.

Refusal of the court to give certain instructions is assigned as error. Requested instruction No. 4, which was refused, advised the jury that the crime of obtaining property under false pretenses must be a false representation of an existing or past fact known by the appellant to be false, that a representation as to the existence of a future fact is not sufficient to convict him. The subject matter of the instruction was fully covered by instruction XVI.

Requested instruction No. 3 reads:

"The Court further instructs you that in this prosecution for obtaining property under false pretenses, if, in this case you find that the R. J. Coppard Garage took this check from the defendant on March 2, 1954, and that the check was at such time dated March 4, 1954, then this is evidence of a future pretense, not that of a past or present existing pretense made at the time of the transaction. That when such a check is given in such circumstances, the payee voluntarily elects to rely, not upon the check, but upon the promise to pay in the future, and the transaction does not contain the essential element of intent to defraud. In this respect, mere silence and mere suppression of the truth, upon which another may act, is not sufficient to constitute the crime of obtaining property by false pretenses."

The instruction is erroneous and was modified and the law on the subject fully covered by instructions XI, XIII, and XIV.

Requested instruction No. 5 enumerated the elements of the crime, namely, intent to defraud and actual fraud, false pretenses used for the purpose of perpetrating the fraud, and that such pretenses induced the owner to part with his property. The elements of the offense were fully covered in instruction XV.

Requested instruction No. 11 does not appear in the transcript. The legal proposition submitted is argued in the brief and is to the effect that if the offense did not occur on March 4th, the appellant should be acquitted. The instruction is erroneous. An instruction given, XI, covering the subject matter requested is more favorable to appellant than he had the right to require.

An examination of all the instructions given clearly indicates that the jury was fully and fairly instructed on the law of the case.

Appellant challenges the admission of Exhibit "A", a book entry in the records of the complaining witnesses. The exhibit was properly admitted.

A careful examination of the proceedings had and taken clearly indicates there was no legal defense. The motion for a new trial is based on matters above discussed and was properly denied. We find no reversible error. The judgment is affirmed.

TAYLOR, C. J., and ANDERSON, J., concur.

SMITH, Justice (dissenting).

The prosecuting attorney, April 30, 1954, filed an information charging appellant with having drawn and delivered a check, well knowing at the time that "he did not have funds or credit for the payment of any part of the check"; such information was grounded upon I.C. § 18–3106, the so-called bad check statute which forbids the drawing of a check without sufficient funds in or credit with the bank to pay the check upon presentation.

The prosecuting attorney dismissed that information June 25, 1954; on the same date he filed an information charging appellant with fraudulently obtaining property, grounded upon I.C. § 18–3101 which reads in part as follows:

"Every person who knowingly and designedly by any false or fraudulent representation or pretense, defrauds any other person of * * * property, * * * and thereby fraudulently *gets possession of * * * property * * * is punishable in the same manner and to the same extent as for larceny of * * * the value of the property so obtained * * *."* (Emphasis supplied).

The crux of the offense forbidden by I.C. § 18–3101 is that the person fraudulently gets possession of property; the offense cannot be committed by a fraudulent representation alone, nor unless the person thereby gets possession of the property.

The trial judge properly instructed the jury (Instruction No. X) in accordance with the theory of the information and the statute, I.C. § 18–3101.

The trial court then instructed the jury (Instruction No. XIII) in accordance with the bad check statute, i. e., I.C. § 18–3106, as follows:

"You are instructed that if you find that the drawer did issue and deliver a postdated check in the regular course of business without having sufficient funds *in or credit with the bank for the payment thereof in full upon presentation* and if you further find that the drawer failed to inform or call the attention to the payee that the check was postdated or failed to make arrangements to hold said check, you may find that the drawer had the intent to defraud the payee." (Emphasis supplied.)

I.C. § 18–3106, as amended 1949 Sess. Laws, ch. 111, reads in part as follows:

"Any person who * * * wilfully, with intent to defraud shall make or draw or utter or deliver * * * any check, * * * for the payment of money upon any bank * * * knowing at the time * * * that the maker or drawer has no funds or sufficient funds in or credit with such bank * * * for the payment of such check, * * * in full upon its presentation, * * * shall upon conviction be punished

* * *. As against the maker or drawer thereof, *the making, drawing, uttering or delivering of such check* * * *: *shall be prima facie evidence of intent to defraud and of knowledge of no funds or insufficient funds,* as the case may be, *in* or credit with *such bank* * * * for the payment of such check, * * * in full upon its presentation. * * *" (Emphasis supplied.)

The accused, in State v. Campbell, 70 Idaho 408, 219 P.2d 956, 959, was charged with making or uttering a check without sufficient funds or credit in the drawee bank to pay the same. The fact that the accused had drawn the check upon a bank, in which he had no funds on deposit or other credit, was discovered before he had obtained money or other property in exchange for the check. The court ruled:

"The crime condemned in Section 18–3106, I.C., as amended, is complete when the maker, with intent to defraud, makes, utters or delivers the check, knowing that he has no funds or credit with the bank to pay the same *if it were presented at that time.*"

The further ruling of this court, particularly applicable to the discussion here, reads as follows:

"*Neither is it necessary that the check be accepted by the person to whom it is tendered and such person part with something of value.* The statute in question is not concerned with the offense of obtaining money or property by false pretense. The making or uttering of the check is sufficient although the payee may reject the check and there be no completed delivery. The completion of the crime under the statute does not depend upon the success of the enterprise." (Emphasis supplied.)

Instruction No. XIII did not require the jury to consider any evidence bearing upon the question, whether or not the check was appellant's promise to pay in the future. The jury in order to find appellant guilty under I.C. § 18–3101, the bad check statute, did not have to consider and could have completely ignored, the testimony of the Coppards, wherein, taken together, they testified many times, variously and indefinitely as to the time that the transaction took place relating to the automobile, mainly, to their recollection, in their opinion, as they thought, and otherwise maintained, on or about March 4, 1954; whereas, the documentary and certain other evidence definitely and indisputably fixed the time of the occurrence of the transaction earlier than March 4th. Such documentary evidence consists of:

Bill of sale and warranty under oath relating to the automobile, shown executed by R. J. Coppard (or by Mr. Coppard through Mrs. Coppard) and sworn to before a notary public March 2, 1954.

The application for certificate of title to the automobile, in blank, dated March 2, 1954.

Bank check drawn by appellant to the Coppard Garage, dated March 4, 1954.

Bank deposit slip dated March 3, 1954, showing the deposit of appellant's check in a bank at Soda Springs, Idaho.

The bank's ledger sheet of Coppards' account, showing the bank deposit made March 3, 1954.

Other positive evidence consists of:

The testimony of R. J. Coppard, that the bill of sale to the automobile (shown notarized March 2, 1954) was not notarized prior to the time appellant arrived in Soda Springs.

The testimony of Mrs. Coppard who handled all of the garage's financial transactions, that when appellant drew and delivered his check, "I looked it over and got the bill of sale and gave it to him"; also, that she deposited the check in the bank after appellant had left.

Such documentary and other evidence shows conclusively that the transaction, which included appellant's drawing the check, was consummated March 2, 1954.

Such instruction also would forbid the jury from considering whether or not Mrs. Coppard, an owner, the financial manager of Coppard's Garage, had knowledge of the fact that the check was postdated, for the record shows that appellant drew his postdated check of March 4, 1954, in Mrs. Coppard's presence; further, that appellant thereupon delivered the check to Mrs. Coppard and that she looked it over, to which she twice testified; whereupon she delivered to appellant the bill of sale to the automobile. If Mrs. Coppard knew that the check was postdated, under the circumstances shown, then no duty rested upon appellant to advise her of something she already knew.

If appellant's postdated check was his promise to pay in the future, then the transaction of his getting possession of the automobile could not have been tainted with fraud on his part.

The judgment of the trial court should be reversed, and the cause remanded for a new trial.

PORTER, J., concurs in this dissent.