336 P.2d 692

STATE of Idaho, Plaintiff-Respondent,

v.

Delbert L. DAVIS, Defendant-Appellant.

No. 8674.

Supreme Court of Idaho.

March 11, 1959.

Homer E. Martin, Henry F. Reed, Boise, for appellant.

Frank L. Benson, Atty. Gen., Robert S. Campbell, Jr., Asst. Atty. Gen., Graydon W. Smith, former Atty. Gen., Boise, and Lloyd C. McClintick, former Pros. Atty., Caldwell, for respondent.

KNUDSON, Justice.

For several months prior to October 11, 1956, appellant (defendant) was engaged in construction of a dwelling for one C. Ray Peterson of Canyon County, Idaho. During the course of construction appellant ordered and received for use in building said dwelling a large amount of building material from the Irrigators Lumber Company, a corporation at Caldwell, Idaho. Its business with appellant was handled by Mr. J. M. Bettis, its secretary and manager. The unpaid balance of appellant's account with said lumber company for materials used in the construction of the Peterson dwelling on October 11, 1956, was approximately $3,400. During the afternoon of October 11, 1956, appellant called Mr. Bettis by telephone and stated (according to Bettis) that he would make payment of the Peterson account and wanted a waiver of lien. Appellant acknowledges that he made the telephone call and requested a waiver of lien, but contends that he stated he would give Mr. Bettis a "hold" check for $3,500.

Shortly thereafter on the same day, appellant went to the office of said lumber company and presented to Mr. Bettis a check, prepared and signed by appellant, drawn upon the Continental Bank in Boise, Idaho, in the sum of $3,500 and requested a waiver of lien on the Peterson dwelling. The waiver was promptly prepared and delivered to appellant in exchange for the check. The check was presented for payment upon the following day and payment refused for the reason that the maker, appellant, had no account in the Continental Bank.

An information charging appellant with the offense of obtaining property under false pretenses was filed on January 9, 1957, alleging that property of the value of $3,500 had been obtained by defendant by reason of the false pretense. On November 4, 1957, upon motion of the prosecuting attorney, the district court permitted the information to be amended, changing the allegation of value from $3,500 to "less than $60". Trial was had before a jury of six persons and a verdict of guilty was returned. Defendant (appellant) appeals from the judgment of conviction.

█ Under appellant's first assignment of error it is contended that no evidence was produced by the State to support three elements of the offense charged, to-wit: (1) that the $3,500 check was given in payment of or in return for the waiver of lien; (2) intent to defraud on the part of defendant;

(3) that the State's witness J. M. Bettis was deceived by defendant and thereby induced to deliver the waiver of lien.

As to the first contention the record shows that the witness J. M. Bettis stated positively that upon appellant's request for a waiver, the waiver was prepared and given to defendant upon receipt of the check. Defendant also testified that he called Mr. Bettis by telephone shortly before he went to the Lumber Company office with the check and requested the waiver. He acknowledged that he received the waiver of lien at the time he delivered the check.

As concerns appellant's intent to defraud he was given full opportunity to explain his version of what took place prior to and at the time the check was delivered. He admitted issuing and delivering to Mr. Bettis the check involved and when asked if he had an account at the bank upon which the check was drawn he answered "never intended to have". The defendant's denial of intent to defraud raised an issue of fact which was properly presented to and decided by the jury.

Referring to the third contention under said first assignment, it must be said that there is convincing testimony on the part of the witness Mr. Bettis that he was induced to deliver the waiver of lien in consideration of receiving defendant's check the validity of which he did not question. Defendant argues that said witness had knowl-

edge of the source from which defendant would have to obtain the money with which to pay the account and that by reason of such knowledge, the transaction involved is purged of its criminal character. The record does not sustain this contention. The witness Bettis repeatedly denied that he knew the source of the money which was to be used to pay the account. In this connection the said witness testified:

"Q. Actually, wasn't it because you knew that if there was to be any money in any account to pay this check, it would have to come from sources that —or from a time after the check was given?

"A. I didn't know, nor question the source of any funds on which the check might be written.

"Q. But you knew that in order to pay your account, Mr. Davis would have to get the money from the Peterson loan and from other sources.

"A. Yes, he would have to get it from some source, yes."

Under appellant's assignment II it is argued that the verdict is contrary to instructions numbered 5, 9 and 12, because of claimed failure of proof as is contended for in assignment I. Instruction No. 5 correctly instructs the jury regarding the necessity, on the part of the prosecution, of proving every material allegation of the information beyond a reasonable doubt. Instruction No.

9 is a proper instruction to the effect that where an act of the defendant may be attributed to two motives, one criminal and the other innocent, the law ascribes it to that which is innocent. Instruction No. 12 properly instructs the jury of the essential elements of the offense charged and the necessity of establishing each beyond a reasonable doubt. Each of said instructions was properly given.

Specification No. III charges error by reason of (a) a remark of the trial court and (b) failure of the court to announce to the jury a ruling upon an objection. The remark complained of was provoked by statements of respective counsel and the court in effect merely stated that he was not going to decide their argument. The court's remark was "I am not going to state whose witness he was on which particular part of the testimony". It is highly improbable that any juror could have interpreted the remark to the prejudice of anyone and it does not constitute error. Section (b) of said assignment III refers to an objection made by appellant's counsel to prosecutor's question addressed to appellant upon cross-examination inquiring if he (appellant) had, at a previous time in response to a question by the then presiding judge stated that he was guilty of the offense charged. The court heard argument of respective counsel in the absence of the jury and ruled to sustain the objection. The court's said ruling was not announced to the jury and such fail-

ure is urged as error. Since the subject of the question was no further pursued in the presence of the jury and the witness was never required to answer the question, we fail to see how appellant could have been prejudiced as claimed. If appellant considered an announcement of the ruling important he should have requested its announcement and not having done so he cannot now be heard to complain. State v. Boyatt, 59 Idaho 771, 784, 87 P.2d 992; State v. Davis, 57 Idaho 413, 65 P.2d 1385. Although no issue is here raised as to the correctness of the ruling, we call appellant's attention to the decision of this Court upon a similar question in the case of State v. Sedam, 62 Idaho 26, 31, 107 P.2d 1065.

■ Instruction No. 14 referred to in appellant's assignment IV in substance instructs that if the jury finds that on or before the delivery, by defendant to Mr. Bettis, of the check involved there was an agreement between the two that the check was to be held and not immediately cashed, then defendant should be acquitted. On the other hand if the jury finds that there was no such agreement then the delivery of said check would be prima facie evidence of a false pretense and intent to defraud. The court then defined the term "prima facie" and further instructed that even though the jury finds a false pretense was committed as outlined in this instruction the defendant would still not be guilty unless the jury also finds beyond a reasonable doubt all the oth-

er necessary averments of the offense as outlined in other instructions occurred. Where as in this case a worthless check is issued as the false token to accomplish the fraudulent purpose, such instruction is proper. Sec. 18–3106, I.C.; State v. Larsen, 76 Idaho 528, 286 P.2d 646.

■ Appellant's assignment V is directed to that portion of instruction No. 11 which states that "a waiver of a lien is property". In appellant's argument relative to this assignment reference is made to an exhibit which was marked for identification as defendant's exhibit 6. The exhibit purports to be a certified copy of a proceeding in the district court of the third judicial district by the Irrigators Lumber Company against C. Ray Peterson to foreclose a lien. This exhibit was never admitted in evidence, nor is error claimed regarding any ruling concerning it, consequently it cannot here be considered. Appellant's objection to that portion of instruction No. 11 above quoted is not well founded. The word property as used in sec. 18–3101, I.C., signifies all valuable rights or interest which are protected by law. A materialman's lien right as provided for by sec. 45–501, I.C. is a valuable property right and the instruction is correct and applicable in this case.

■ Appellant's requested instructions numbered 2 and 4 do not correctly state the law applicable in this case. Requested instruction No. 2 provides that in order to

convict the defendant the State must prove that defendant, at the time he delivered the check, *represented* to the prosecuting witness that he (defendant) had sufficient money in the bank upon which the check was drawn to pay it. Requested instruction No. 4 in substance provides that mere silence or suppression of the truth, upon which another may act, is not sufficient to constitute the crime of obtaining property by false pretenses. Contrary to such theory of the law, attention is called to the following which is quoted with approval in the case of State v. Larsen supra [76 Idaho 528, 286 P.2d 648]:

> "A false pretense may consist in any act, word, symbol, or token calculated and intended to deceive; it may be made expressly or by implication, and where it is expressed in words, the words may be oral, as well as written, unless the statute requires them to be in writing."

It is not necessary in order to support a criminal charge of this nature that the false representations be express, they may be made by implication. Johnson v. People, 110 Colo. 283, 133 P.2d 789; Martins v. State, 17 Wyo. 319, 98 P. 709, 22 L.R.A., N.S., 645.

A fraudulent purpose is shown by the proof that appellant gave a worthless check, representing thereby that it was good and valid, and that it was given and received with the intent that it should pay appellant's debt. People v. Boyce, 87 Cal.App.2d 828, 197 P.2d 842; People v. Williams, 69 Cal. App. 169, 230 P. 667. What may constitute a false representation as applied to the facts of the offense herein involved is stated in the case of State v. Larsen, supra [76 Idaho 528, 286 P.2d 647] as follows:

> "The giving of a check at the time of the purchase by a purchaser who knows that he has neither funds nor credit in the drawee bank is a false representation of the existence of a present fact."

Our examination of the proceedings had discloses that the jury was fully and fairly instructed on the law of the case and that the verdict is supported by substantial, competent evidence. The judgment is affirmed.

PORTER, C. J., and TAYLOR, SMITH and McQUADE, JJ., concur.