375 P.2d 1005

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Gene RODERICK, Alias Gene Barnes,
Defendant-Appellant.**

**No. 9122.**

Supreme Court of Idaho.

Nov. 2, 1962.

Elam, Burke & Jeppesen, Boise, Rapaich & Knutson, Lewiston, for appellant.

Frank L. Benson, Atty. Gen., William E. Swope, Asst. Atty. Gen., Boise, Owen L. Knowlton, Pros. Atty., Lewiston, for respondent.

TAYLOR, Justice.

February 20, 1961, an information was filed in the district court in Nez Perce county charging the defendant (appellant) with commission of the crime of obtaining $70 by false pretense by making and passing a bogus bank check. The check was drawn on the Idaho First National Bank of Orofino, Idaho, dated November 7, 1960, and was signed by defendant using the alias "Gene Barnes." Defendant presented the check on the date thereof to an employee of Sears Roebuck and Company in Lewiston, Nez Perce county, and received from said employee $70 in money, the property of Sears Roebuck and Company. The check was returned by the drawee bank marked "No Acc."

Following trial and verdict of guilty, defendant was convicted and sentenced to the state penitentiary under the provisions of I.C. § 18–3101. The material provisions of the statute are:

"Every person who knowingly and designedly by any false or fraudulent representation or pretense, defrauds any other person of money, * * * is punishable in the same manner and to the same extent as for larceny of the money * * * so obtained; * *."

Grand larceny is defined by I.C. § 18–4604 and includes cases in which the value of the property taken exceeds $60. The punishment for grand larceny is imprisonment in the state prison. I.C. § 18–4606.

Appellant urges that I.C. § 18–3101 (first enacted in 1865) is a general statute defining the crime of obtaining money or property by means of false pretenses and that its provisions, insofar as they would authorize conviction and punishment thereunder in a case where a bank check is used as the means of committing the offense, have been repealed or superseded by the later statute defining the crime of drawing a check without funds, I.C. § 18–3106 (first enacted in 1903), the material portion of which is as follows:

"Any person who with intent to defraud shall make or draw or utter or deliver any check, draft or order for the payment of money upon any bank or other depositary, knowing at the time of such making, drawing, uttering or delivery that the maker or drawer has not sufficient funds in or credit with such bank or other depositary for the payment of such check, draft or order in full upon its presentation, shall be guilty of a misdemeanor. * * * *"

It is only in cases where two statutes are inconsistent and irreconcilable that repeal by implication occurs. State v. Mayer, 81 Idaho 111, 338 P.2d 270; State v. Davidson, 78 Idaho 553, 309 P.2d 211; State v. Teninty, 70 Idaho 1, 212 P.2d 412; State

84 v. Holt (Mont.) 194 P.2d 651; 82 C.J.S. Statutes § 291b.

Where two statutes, governing the same subject, can be reconciled and construed so as to give effect to both, no repeal occurs, and it is the duty of the courts to so construe them. Idaho Wool Marketing Ass'n v. Mays, 80 Idaho 365, 330 P.2d 337; Storseth v. State, 72 Idaho 49, 236 P.2d 1004; John Hancock Mut. Life Ins. Co. v. Haworth, 68 Idaho 185, 191 P.2d 359; State ex rel. Good v. Boyle, 67 Idaho 512, 186 P.2d 859; State v. Martinez, 43 Idaho 180, 250 P. 239; Peavy v. McCombs, 26 Idaho 143, 140 P. 965; Jeffreys v. Huston, 23 Idaho 372, 129 P. 1065; In re Williamson, 43 Cal.2d 651, 276 P.2d 593; Anderson v. Heltzel, 97 Or. 23, 251 P.2d 482; U. S. v. Beacon Brass Co., 344 U.S. 43, 73 S.Ct. 77, 97 L.Ed. 61; 82 C.J.S. Statutes § 291c.

■ Where there is a general statute, and a special or specific statute, dealing with the same subject, the provisions of the special or specific statute will control those of the general statute. John Hancock Mut. Life Ins. Co. v. Haworth, 68 Idaho 185, 191 P.2d 359; Koelsch v. Girard, 54 Idaho 452, 33 P.2d 816; Peavy v. McCombs, 26 Idaho 143, 140 P. 965; State v. Becker, 39 Wash.2d 94, 234 P.2d 897; People v. Haydon, 108 Cal.App.2d 105, 234 P.2d 720; Cutrel v. Best, 169 Kan. 16, 217 P.2d 270; Foyil v. State (Okl.Cr.App.) 187 P.2d 254; State v. Blevins, 40 N.M. 367, 60 P.2d 208; State v. Wall, 218 Iowa 171, 254 N.W. 71; State v. Griggs (Mo.) 236 S.W.2d 588; Masi v. United States (5th Cir.) 223 F.2d 132.

■ So far as applicable to the facts in this case, the two statutes are not in conflict. Under the provisions of § 18–3106 the crime is completed upon the drawing, uttering, or delivering of the check under the circumstances therein stated. It is not necessary in that case for the state to allege or prove that the accused obtained any money or property by means of the check. State v. Campbell, 70 Idaho 408, 219 P.2d 956.

■ Under the provisions of § 18–3101 the state must allege and prove that the accused obtained money or property by means of the false pretense. State v. Davis, 81 Idaho 61, 336 P.2d 692; State v. McCallum, 77 Idaho 489, 295 P.2d 259; State v. Whitney, 43 Idaho 745, 254 P. 525.

■ It is within the province of the legislature to prescribe a greater penalty in a case where money or property is actually obtained by the accused, than where the bogus check is merely drawn, uttered, or delivered, and no money or property is obtained thereby.

■ In a case where the evidence available to the prosecuting attorney justifies a belief on his part that he will be able to prove that the accused obtained money or

property by means of a false check, he may elect to prosecute under the provisions of § 18–3101. State v. Wall, 73 Idaho 142, 248 P.2d 222; State v. Petty, 73 Idaho 136, 248 P.2d 218; Foyil v. State (Okl.Cr.App.) 187 P.2d 254; Cf. State v. Davis, 81 Idaho 61, 336 P.2d 692; State v. Larsen, 76 Idaho 528, 286 P.2d 646.

■ Defendant complains of the admission in evidence of the check for which the $70 was given to him, on the ground the evidence of its execution by defendant was insufficient. This assignment we find without merit. The employee of Sears Roebuck and Company, to whom it was given, testified that it was signed by defendant in his presence. The defendant testified that he asked the employee to cash a check for him; that he may have signed the check "on a washing machine" in the store; and that the employee gave him the money.

■ Defendant also assigns as error the admission in evidence of two other checks, each for $30, which the Sears' employee testified were drawn by the defendant, and presented to the employee and for which the employee paid to defendant the face amount thereof in money; one later in the afternoon of November 7th, the day on which the $70 check was passed, and the other on the following morning, November 8th. These checks were returned by the bank marked, "No Acc." and "unable to locate account." The admission of these exhibits was not error. Evidence tending to prove scienter, intent, scheme, or plan, with respect to the issue being tried, is admissible even though it tends to establish other offenses. State v. Polson, 81 Idaho 147, 339 P.2d 510; State v. McCallum, 77 Idaho 489, 295 P.2d 259; State v. Alvord, 47 Idaho 162, 272 P. 1010; State v. Alvord, 46 Idaho 765, 271 P. 322.

■ Defendant assigns as error the overruling of his objection to a question put to him on cross-examination as to the number of his previous felony convictions. The ruling was not erroneous. State v. Owen, 73 Idaho 394, 253 P.2d 203.

■ In his reply brief defendant contends the information is insufficient to charge a public offense because it does not allege that he did not have "credit" with the bank for the payment of the check. The word "credit" appears in the statute defining a crime of "Drawing check without funds", I.C. § 18–3106. The information was not drawn under that statute. It sufficiently charges the crime of obtaining money by false pretenses as defined by I.C. § 18–3101.

The evidence amply supports the conviction.

Judgment affirmed.

SMITH, C. J., and KNUDSON, McQUADE and McFADDEN, JJ., concur.