400 P.2d 377

**EMPLOYMENT SECURITY AGENCY,**
**Plaintiff-Respondent,**

v.

**JOINT CLASS "A" SCHOOL DISTRICT**
**NO. 151, Defendant-Appellant.**

No. 9481.

Supreme Court of Idaho.

March 22, 1965.

Herman E. Bedke, Burley, for defendant-appellant.

Franklin H. Powell, Boise, for plaintiff-respondent.

SMITH, Justice.

The issue involved on this appeal is whether appellant school district is liable for payment of unemployment payroll taxes on its employees, other than faculty members, for the period from January 1, 1962, to May 18, 1963, inclusive. The determination of the issue hinges upon the construction of certain sections of the statute and construction of the definition of "covered employment". The facts are undisputed.

Prior to 1961, I.C. § 72–1316(a)(6) provided that "covered employment" excluded:

"Service performed in the employ of * * * any public institution or instrumentality which pays the wages of its employees out of moneys raised solely by exercise of the power of taxation, including * * * school districts; * * *."

The legislature in 1961, by H.B. 138 (S. L. 1961, ch. 112), enacted I.C. § 72–1316B setting forth a new exclusion in this area of covered employment; portions thereof read:

"On and after January 1, 1962, the term 'covered employment' in addition to the definition contained in section 72–1316 shall include an individual's entire service for wages when performed for and paid by any county, municipality, incorporated village, or any public institution or instrumentality other than the State of Idaho, which pays the wages of its employees out of moneys raised solely by the exercise of the power of taxation, excluding the following:

\* \* \* \* \* \*

"(2) Members of the faculties of public schools, colleges or universities.

"\* \* \*."

The legislature in 1963, by H.B. 72 (S.L. 1963, ch. 92), amended I.C. § 72–1316B to read:

"On and after January 1, 1962, the term 'covered employment' in addition to the definition contained in section 72–1316 shall include as an individual's entire service for wages when performed for and paid by any county, municipality, incorporated village, or any public institution or instrumentality other than the state of Idaho, which pays the wages of its employees out of moneys raised solely by the exercise of the power of taxation, excluding the following:

\* \* \* \* \* \*

"(2) Members of the faculties of public schools, colleges or universities, *and all other employees of public school districts*." (Amendatory portion is italicized.)

This enactment became law March 12, 1962.

Thereafter the legislature in 1963, by H. B. 131 (S.L. 1963, ch. 318), amended I.C. § 72–1316(a)(6) and repealed I.C. § 72–1316B, as follows:

"72–1316. COVERED EMPLOYMENT.—(a) The term 'covered employment' means an individual's entire service, including service * * * performed by him for wages or under

any contract of hire, * * * except—

" * * *

"(6) Services performed in the employ of: (A) any public institution or instrumentality which acquires its operating funds primarily through direct or indirect, taxation, including but not limited to * * * school districts; * * *.

" * * *

"SECTION 2. That Section 72–1316B [Sess. Laws 1963, ch. 92], Idaho Code, be, and the same is hereby repealed."

This enactment became law March 28, 1963, effective May 18, 1963, 60 days after the legislature adjourned. I.C. § 67–510.

In January 1962 appellant school district began paying payroll taxes on all of the employees, other than school teachers, and continued payment thereof through the four quarters of 1962. Appellant refused thereafter to pay such taxes for the first quarter of 1963, and demanded a refund from respondent of all sums paid during the year 1962.

Thereafter upon the conclusion of hearings had, respondent's appeals examiner determined that appellant school district was liable for payment of payroll taxes for the period from January 1, 1962, to May 18, 1963, inclusive, and denied appellant's demand for refund.

The Industrial Accident Board, upon appellant school district's appeal, entered an order affirming the decision of the appeals examiner. The school district thereupon perfected an appeal to this Court.

Appellant by its assignments asserts that the Board erred in determining that appellant was liable for payment of payroll taxes for the portion of the year 1963 to and including May 18, 1963, and in refusing to grant to appellant a refund for such taxes paid during the year 1962; also in determining that liability for payment of such taxes was lawfully imposed under constitutionally adopted law.

The following furnishes a brief reference to the laws and their respective provisions pertinent herein:

I.C. § 72–1316(a) (6) prior to
the 1961 legislature, excluded from "covered employment" services performed in the employ of a public institution which pays its employees out of moneys raised *solely* by the power of taxation, including school districts.

H.B. 138, 1961 legislation, enacted
I.C. § 72–1316B effective January 1, 1962, to exclude from "covered employment", members of the faculties of public schools.

H.B. 72, 1963 legislation, amended I.C. § 72–1316B to exclude from "covered employment", all employees of school districts. It became law March 12, 1963.

H.B. 131, 1963 legislation, amended I.C. § 72–1316(a)(6) to exclude from "covered employment" services performed in the employ of a public institution, which acquires its operating funds *primarily* through direct or indirect taxation, including school districts; and repealed I.C. § 72–1316B. It became law March 28, 1963, effective May 18, 1963.

The various enactments will be considered in the order of their adoption by the legislature.

■ Appellant raises the question as to which enactment is controlling, i.e., H.B. 138 (1961 enactment) which sought to impose liability upon appellant for payment of the payroll taxes, or I.C. § 72–1316(a)(6) which excepted appellant from imposition of any such liability.

Appellant points out that H.B. 138 (1961 enactment) sought to impose liability for payment of such taxes upon the payroll of employees who were not members of faculties of public schools; whereas H.B. 138 did not amend I.C. § 72–1316(a)(6) which excluded from covered employment services paid for by a school district from money raised solely through taxation. The two enactments are *in pari materia*; there is irreconcilable conflict between them inasmuch as I.C. § 72–1316(a)(6) in effect excludes from covered employment all services performed for public schools paid by money derived through taxation; whereas H.B. 138 excludes from covered employment only members of the faculties, but by implication includes in covered employment all other employees of public schools.

■ "[I]n case of an irreconcilable inconsistency between statutes *in pari materia* the latest expression of the legislative will should control." Lloyd Corporation v. Bannock County, 53 Idaho 478, 25 P.2d 217 (1933). See also Little v. Nampa-Meridian Irrigation District, 82 Idaho 167, 350 P.2d 740 (1960); Herrick v. Gallet, 35 Idaho 13, 204 P. 477 (1922); Peavy v. McCombs, 26 Idaho 143, 140 P. 965 (1914). To the extent that there is conflict in the provisions of I.C. § 72–1316(a)(6) enacted prior to the 1961 legislature, and H.B. 138, enacted by the 1961 legislature, the latter is controlling and must prevail, commencing as of January 1, 1962, as provided in the first paragraph of such enactment.

■ Appellant contends that H.B. 72 (1963 enactment) which amended I.C. § 72–1316B to exclude from covered employment all employees of school districts, had a retroactive application to January 1, 1962, as

set forth in H.B. 138 (1961 enactment), and that therefore the legislature intended that appellant school district be exempted from liability for payment of payroll taxes on its entire payroll back to January 1, 1962. Appellant argues, although the amendment, H.B. 72, does not specifically provide for retroactive operation, nevertheless by setting out the provision contained in the original 1961 enactment of I.C. § 72–1316B that it become effective January 1, 1962, shows the legislative intent that the amendment shall have such retroactive effect.

An inspection of H.B. 72 (1963 enactment) shows that the 1963 legislature amended only paragraph (2) of I.C. § 72–1316B, to exclude from covered employment, "all other employees of public school districts", in addition to the 1961 exclusion of "members of the faculties". The applicable rule of construction is set forth in I.C. § 67–511, which reads:

> "Where a section or part of a statute is amended, it is not to be considered as having been repealed and re-enacted in the amended form; but the portions which are not altered are to be considered as having been the law from the time when they were enacted and the new provisions are to be considered as having been enacted at the time of the amendment."

See also State ex rel. Nielson v. McCarty, 76 Idaho 153, 279 P.2d 879 (1955); John

Hancock Mut. Life Ins. Co. v. Haworth, 68 Idaho 185, 191 P.2d 359 (1948); 82 C.J.S. Statutes § 384, p. 903. We therefore conclude that the amendatory portion of H. B. 72 (1963 enactment) cannot be accorded a retroactive application.

Appellant poses the query: Did H. B. 131 (1963 enactment) repeal only H.B. 138 (1961 enactment) codified as I.C. § 72–1316B; or did H.B. 131 also repeal I.C. § 72–1316B as amended by H.B. 72 (1963 enactment)?

The legislature by its latest enactment H. B. 131 (1963 enactment) specifically repealed I.C. § 72–1316B, as amended by the previous enactment H.B. 72 (1963 enactment); and by amendment to I.C. § 72–1316 (a)(6), continued to exclude from covered employment all services performed in the employ of any school district.

In addition, the legislature altered the original language of I.C. § 72–1316B. Its original language excluded from covered employment services performed in the employ of a public institution which pays its employees out of moneys raised *solely* by exercise of the power of taxation, including school districts. While the amendment H.B. 131 (1963 enactment) did not disturb the effect of I.C. § 72–1316B as amended by H.B. 72 (1963 enactment) to the effect that all employees of a school district be excluded from covered employment, never-

theless it broadened the scope and applicability of both I.C. § 72–1316B and I.C. § 72–1316(a)(6) to exclude from covered employment services performed in the employ of a public institution which acquires its operating funds *primarily* through direct or indirect taxation, including school districts. Again, the legislation is *in pari materia.*

■ "[W]here a statute is amended by *changing the language* from that used in the original statute, the presumption arises that a change in application was intended." Anderson v. Rayner, 60 Idaho 706, 96 P.2d 244 (1939). See also Hopson v. North American Ins. Co., 71 Idaho 461, 233 P.2d 799 (1951). H.B. 131 (1963 enactment) repealed I.C. § 72–1316B, as amended.

■ Appellant attacks H.B. 138 (1961 enactment) codified as I.C. § 72–1316B, as discriminatory legislation violative of the equal protection clause of U. S. Const., 14th Amendment, because such enactment excluded public school employees, except members of faculties; that thereby the act discriminated against faculty members, although their remuneration was paid "out of moneys raised solely by the exercise of the power of taxation", the same as other employees.

I.C. § 72–1316B enumerated two classes of employment, i. e., one excluded from covered employment being members of faculties or professional employment; and the other implicity included in covered employment all other types of employment.

81 C.J.S. Social Security and Public Welfare § 83a, p. 124, states:

"Absolute equality, in every respect, need not be obtained in contributions required from employers * * *. Accordingly, it is proper for the act to specify exceptions to, or exemptions from, the tax or contribution, * * *." Diefendorf v. Gallet, 51 Idaho 619, 642, 10 P.2d 307, 316 (1932), enunciates the following rule:

"The state has the power to classify for the purposes of taxation, only limited by the rule that the classification must be reasonable and founded upon differences between the parties. The quality clause does not forbid reasonable classification. Discrimination through classification is said to violate that clause only where it is such as to preclude the assumption that it 'was made in the exercise of legislative judgment and discretion.' Stebbins v. Riley, 268 U.S. 137, 45 S.Ct. 424, 426, 69 L.Ed. 884, 44 A.L.R. 1454." See also Batt v. Unemployment Comp. Div., 63 Idaho 572, 123 P.2d 1004, 139 A.L.R. 1157 (1942); John Hancock Mut. Life Ins. Co. v. Haworth, 68 Idaho 185, 191 P.2d 359 (1948); United Pacific Ins. Co. v. Bakes, 57 Idaho 537, 67 P.2d 1024 (1937);

J. C. Penney Co. v. Diefendorf, 54 Idaho 374, 32 P.2d 784 (1934).

Florek v. Sparks Flying Service, Inc., 83 Idaho 160, 359 P.2d 511 (1951), contains the following statement:

"We fully recognize and adhere to the proposition that classifications made by the legislature under a tax measure or in exercise of police power must be founded on some real and substantial distinction. The Employment Security Law was enacted pursuant to a declared public policy in an attempt to solve a great and pressing problem of national and state concern arising from involuntary unemployment. I.C. § 72-1302. The legislature, in its considered judgment, has classified those who are to receive benefits under said law and those who shall be excepted therefrom. Judicial inquiry does not concern itself with the accuracy as to the legislative finding, but only with the question of whether it so lacks any reasonable basis as to be arbitrary. Standard Oil Co. v. City of Marysville, 279 U.S. 582, 49 S.Ct. 439, 73 L.Ed. 856."

■ Every intendment in favor of the constitutionality of a statute must prevail. Idaho Gold Dredging Co. v. Balderston, 58 Idaho 692, 78 P.2d 105 (1938). See also Oneida County Fair Board v. Smylie, 86 Idaho 341, 386 P.2d 374 (1963); Caesar v. Williams, 84 Idaho 254, 371 P.2d 241 (1962); Berry v. Koehler, 84 Idaho 170, 369 P.2d 1010 (1961); Padgett v. Williams, 82 Idaho 114, 350 P.2d 353 (1960); Rich v. Williams, 81 Idaho 311, 341 P.2d 432 (1959).

We therefore conclude that H.B. 138 (1961 enactment) codified as I.C. § 72-1316B, was not discriminatory legislation; and that the classifications of employment within its purview, one included in, and the other excluded from, covered employment, were reasonable and founded upon differences between the parties.

■ Appellant further attacks the constitutionality of H.B. 138 (1961 enactment) codified as I.C. § 72-1316B. Appellant contends that the contributions required to be paid to the employment security fund, levied on an employer's payroll paid to employees, is not an excise tax but a license tax; and that when applied to school districts, as employers, such license tax is in violation of Idaho Const. Art. VII, § 2, which reads:

"Revenue to be provided by taxation. —The legislature shall provide such revenue as may be needful, by levying a tax by valuation, so that every person or corporation shall pay a tax in proportion to the value of his, her, or its property, except as in this article hereinafter otherwise provided. The legis-

lature may also impose a license tax, both upon natural persons and upon corporations, *other than municipal,* doing business in this state; also a per capita tax: provided, the legislature may exempt a limited amount of improvements upon land from taxation." (Emphasis supplied.)

Fenton v. Board of County Commrs., 20 Idaho 392, 119 P. 41 (1911), had to do with Idaho Const. Art. VII, § 6, which contains a similar prohibition as contained in the second sentence of Idaho Const. Art. VII, § 2. Art. VII, § 6 reads:

"The legislature shall not impose taxes for the purpose of any county, city, town, *or other municipal corporation,* but may by law invest in the corporate authorities thereof, respectively, the power to assess and collect taxes for all purposes of such corporation." (Emphasis supplied.)

In the Fenton case it was contended that the legislature had no power to authorize the county commissioners to make a tax levy of any kind for the benefit of the school districts of the respective counties, for the reason that such districts are municipal corporations. In answering that contention this Court said:

"We are unable to agree with that contention. We do not think that a school district is a municipal corpora-

tion within the meaning of that term as used in said section 6.

\* \* \* \* \* \*

"We do not think it was the intention of the framers of the Constitution, or of the Legislature in enacting laws in regard to school districts, to treat them as municipal corporations. \* \* \*

\* \* \* \* \* \*

"The framers of the Constitution did not recognize school districts as 'municipal corporations.' Article 12 of the Constitution of this state is devoted to the subject of municipal corporations, and it nowhere mentions school districts, and we do not think it includes them. While school districts are a part of the county organization, they are subdivisions created by law for convenience and efficiency in administration \* \* \*."

Idaho Gold Dredging Co. v. Balderston, 58 Idaho 692, 78 P.2d 105 (1938), also dealt with the same subject matter as the Fenton case, supra, and this Court again ruled that the legislature never intended to treat school districts as municipal corporations. See also Barton v. Alexander, 27 Idaho 286, 148 P. 471 (1915).

■ We therefore conclude that the framers of the constitution did not intend that school districts be treated as munici-

**394**

pal corporations under Idaho Const. Art. VII, § 2. We reiterate the previous rulings of this Court in the premises because the contributions, required to be made by appellant school district to the employment security fund, based upon the amount of its payroll to its employees, while not a license tax, nevertheless has attributes thereof, in that as hereinafter shown, such a tax has been held to be a tax upon the employer-employee relationship, or upon the right or privilege of employing others. This viewpoint is borne out by the following quotation from 81 C.J.S. Social Security and Public Welfare § 139, as follows:

"Ordinarily contributions or payments required of employers, and, under some statutes, of employees as well, by unemployment compensation or insurance statutes are considered to be in the nature of taxes, and in other cases are considered to be in the nature of duties, or imposts on employer-employee relationships, regardless of the name given to them by the statute, or of the terminology employed therein."

"The tax or contribution imposed by a state unemployment compensation or insurance statute is an excise tax." Abney v. Campbell, 206 F.2d 836 (5th Cir. 1953); Vaughan v. Warner, 157 F.2d 26 (3rd Cir. 1946); California Employment Commission v. MacGregor, (Cal.Dist.Ct.App.1944), 64 Cal.App.2d 691, 149 P.2d 304; Big Wood Canal Co. v. Unemployment Comp. Division, 61 Idaho 247, 250, 100 P.2d 49 (1940); Chas. C. Steward Mach. Co. v. Davis, 301 U.S. 548, 57 S.Ct. 883, 81 L.Ed. 1279 (1937); Mozingo v. Mississippi Employment Security Commission, 224 Miss. 375, 80 So.2d 75 (1955); Unemployment Compensation Commission v. Renner, 59 Wyo. 437, 143 P.2d 181 (1943); 81 C.J.S. Social Security and Public Welfare § 139, p. 207. The tax is an excise imposed upon the privilege or right of employing others. Bates v. McLeod, 11 Wash.2d 648, 120 P.2d 472 (1941). It is not a tax on the privilege allowed an individual to work in a certain field. The tax is not a license, but an excise. State v. Leach, 173 Ohio St. 397, 183 N.E.2d 369 (1962).

An excise tax is authorized by Idaho Const. Art. VII, § 2. Northern Pac. Ry. Co. v. Gifford, 25 Idaho 196, 136 P. 1131 (1913); appeal dismissed 235 U.S. 711, 35 S.Ct. 198, 59 L.Ed. 436 (1914); appeal dismissed 242 U.S. 659, 37 S.Ct. 21, 61 L.Ed. 459 (1916); Idaho Gold Dredging Co. v. Balderston, 58 Idaho 692, 709, 78 P.2d 105, 112 (1938).

The order of the Industrial Accident Board is affirmed.

Costs to respondent.

McQUADE, C. J., and McFADDEN, TAYLOR and KNUDSON, JJ., concur.