## IDAHO COUNTY, Respondent, v. FENN HIGHWAY DISTRICT, Appellant.

[253 Pac. 377.]

TAXATION — HIGHWAY DISTRICTS — COUNTIES — CONSTITUTIONAL LAW— COUNTY CANNOT IMPOSE TAX ON HIGHWAY DISTRICT.

1. Legislature may impose burdens on counties, cities, towns or highway districts for public purposes, even without their consent, unless prohibited by constitution.

2. Whether legislative act constitutes taking without due process, in violation of Const., U. S., Amends. 5, 14, and Const. Idaho, art. 1, sec. 13, depends on law's compliance with other provisions of the constitution.

3. C. S., sec. 1508, as amended by Laws 1923, chap. 77, authorizing county to compel road district to repair roads, is not in violation of Const., art. 3, sec. 19, subds. 8, 10, 11, since it operates on all persons and subject matters in like situation.

4. Highway district, organized under C. S., secs. 1507, 1510, 1532, 1533, 1536, is separate taxing unit within Const., art. 7, sec. 6, prohibiting legislature imposing taxes for it either directly or indirectly through county in which it is situated.

5. Legislature cannot give county power to levy taxes solely in highway district, not uniform throughout county.

6. C. S., sec. 1508, as amended by Laws 1923, chap. 77, relative to county requiring road district to repair roads, violates Const., art. 7, secs. 5, 6, as authorizing county to impose tax on highway district.

APPEAL from the District Court of the Tenth Judicial District, for Idaho County. Hon. Miles S. Johnson, Judge.

Action to compel defendant highway district to repair a highway. Judgment for plaintiff. *Reversed and remanded.*

James F. Ailshie, for Appellant.

Chapter 77, 1923 Sess. Laws, is unconstitutional and void in so far as it attempts to authorize a county to incur indebtedness against a highway district and to levy and collect taxes of the property of the district for the payment of such debt, against the will and without the consent of the highway district and its commissioners. (Const., secs. 5 and 6, art. 7; paragraphs 8, 10 and 11 of sec. 19, art. 3; secs. 2, 3 and 4, art. 8; Federal Const., 5th and 14th Amendments; *State v. Nelson,* 36 Ida. 713, 213 Pac. 358; *Campbell Co. v. City of Newport,* 174 Ky. 712, 193 S. W. 1, L. R. A. 1917D, 791; *Fayette County v. Well,* 195 Ky. 608, 243 S. W. 4; *People v. Lynch,* 51 Cal. 15, 21 Am. Rep. 677; *People v. Mayor of Chicago,* 51 Ill. 17, 2 Am. Rep. 278; *People ex rel.*

Publisher's Note.

1. See 6 R. C. L. 484.

2. See 6 R. C. L. 441.

See Constitutional Law, 12 C. J., sec. 961, p. 1195, n. 89.

Highways, 29 C. J., sec. 268, p. 553, n. 60; sec. 491, p. 725, n. 37; p. 726, n. 44; sec. 501, p. 741, n. 36.

Statutes, 36 Cyc., p. 1008, n. 43.

Taxation, 37 Cyc., p. 724, n. 33; p. 735, n. 13; p. 736, n. 14; p. 946, n. 32.

*Rodgers v. Coler,* 166 N. Y. 1, 82 Am. St. 605, 59 N. E. 716, 52 L. R. A. 814; *Conlin v. San Francisco,* 114 Cal. 404, 46 Pac. 279, 33 L. R. A. 752; *Graham v. Fresno,* 151 Cal. 465, 91 Pac. 147; *Hutchinson v. Ozark Land Co.,* 57 Ark. 554, 38 Am. St. 258, 22 S. W. 173; *Board of Commrs. v. State,* 155 Ind. 604, 58 N. E. 1037; *Leddy v. People,* 59 Colo. 120, 147 Pac. 365; *Gem Irr. Dist. v. Van Deusen,* 31 Ida. 779, 176 Pac. 887.)

The statute in question and the judgment entered thereunder is an attempt to deprive a municipal corporation, organized under the general laws, of its fundamental and constitutional right of local self-government, and deprives the people who are required to pay the tax of any voice in determining the amount or character of or necessity for such a tax. (*Campbell Co. v. City of Newport, supra.* See authorities cited under point 1 above.)

The constitution prohibits the legislature from imposing taxes for any purpose except state purposes and such tax when imposed must be uniform throughout the state. (Const., art. 7, sec. 6; *Campbell Co. v. City of Newport, supra; Hutchinson v. Ozark Land Co., supra; State v. Nelson, supra; People v. Lynch, supra;* 26 R. C. L., secs. 51, 52 and 220.)

Under the constitution, all taxes must be "uniform upon the same class of subjects within the territorial limits of the authority levying the tax," and the county cannot legally levy a tax upon any of the political or corporate subdivisions thereof which does not extend alike throughout the territorial limits of the county. (Const., art. 7, sec. 5. See authorities cited under point 3.)

The act in question has the effect of authorizing one municipal corporation to impose taxes upon another without its consent, and amounts to the collection of taxes from one municipality for the benefit of another, in violation of the state constitution, art. 8, secs. 2, 3, 4. (*Atkinson v. Commissioners of Ada Co.,* 18 Ida. 282, 108 Pac. 1046, 28 L. R. A., N. S., 412; *School Dist. No. 8 v. Twin Falls County Mut.*

*Fire Ins. Co.,* 30 Ida. 400, 164 Pac. 1174; *Gem Irr. Dist. v. Van Deusen,* 31 Ida. 779, 176 Pac. 887.)

The powers and duties of highway districts are not governmental but are purely private and corporate and are exercised for the private and local benefit of the inhabitants thereof. (*Boise City Development Co. v. Boise City,* 30 Ida. 675, 167 Pac. 1032; *Hettinger v. Good Roads District,* 19 Ida. 313, 113 Pac. 721; *City of Nampa v. Nampa & Meridian Irr. Dist.,* 19 Ida. 779, 115 Pac. 979; *Youmans v. Thornton,* 31 Ida. 10, 168 Pac. 1141; *Powers v. Boise City,* 22 Ida. 286, 125 Pac. 194; *State v. Heffernan,* 243 Mo. 442, 148 S. W. 90; *Bieling v. City of Brooklyn,* 120 N. Y. 98, 24 N. E. 389.)

A. H. Conner, Attorney General, F. E. Fogg, Prosecuting Attorney, and W. C. Arnold, for Respondent.

The construction, maintenance and repair of highways is strictly a governmental state function over which the legislature at all times has full plenary control. (*Milwaukee County v. Halsey,* 149 Wis. 82, 136 N. W. 139; *Jensen v. Supervisors,* 47 Wis. 298, 2 N. W. 320; *People v. Supervisors,* 20 Mich. 95; *People v. Kent County,* 34 Mich. 62.)

Highway districts are not municipal corporations analogous to cities and villages. They may, within certain restrictions, levy taxes, but such taxes are also in turn strictly limited to purposes relating solely to the carrying out of the state function. (C. S., secs. 3794, 3939, 3948, 3949, 3960, 3962 and 3976; *Eikenberry v. Township of Bazaar,* 22 Kan. 556, 31 Am. Rep. 198; 4 Dillon on Municipal Corporations, 1643; *James v. Trustees of Wellston Tp.,* 18 Okl. 56, 11 Ann. Cas. 938, 90 Pac. 100, 13 L. R. A., N. S., 1219.)

The control of rural highways as distinguished from city streets and the levying of taxes therefor has never been included within the traditional doctrine of home rule, nor has the raising of taxes for such purposes ever been considered as open to the objection, that it amounts to taxation without representation. (*Simon v. Northrup,* 27 Or. 487, 40 Pac. 560, 30 L. R. A. 171; *Prince v. Crocker,* 166 Mass. 347, 44 N. E.

446, 32 L. R. A. 610; *Pumphrey v. Baltimore,* 47 Md. 145, 28 Am. Rep. 446; *People v. Flagg,* 46 N. Y. 401; *Senor v. Board of Commrs.,* 13 Wash. 48, 42 Pac. 552.)

TAYLOR, J.—This is an appeal by the Fenn Highway District from a judgment rendered in an action brought by Idaho county to compel the district to comply with its demand and repair that portion of what is known as the Grave Creek Highway lying within the district, under the provisions of C. S., sec. 1508, as amended by Sess. Laws 1923, c. 77, p. 86. The district had refused to comply with the demand of the county, or "enter into an agreement" for the repair.

The judgment, in a manifest attempt to follow the provisions of C. S., sec. 1508, as amended, required the district to immediately repair the highway within the district, and provided that in case the district should refuse or neglect to comply with the judgment, the county was authorized and directed to act on behalf of the district and repair, or cause to be repaired, the highway, and that the cost and expense thereof be charged to the highway district and adjudged and declared a lien against all property assessed in the district, and, on the failure of the district to pay such costs and expenses, "that a tax be levied by the board of county commissioners of the said county of Idaho" against all the assessed property in the district "sufficient to produce the amount of the costs of such repair, charged or that may be so charged against the . . . . district," and be retained by the county and applied on such indebtedness. Although not material to this inquiry, we remark that the judgment to a considerable degree exceeds the extent of the judgment contemplated by the statute in incorporating therein alternatives to be exercised after "the rendering of the judgment."

The district, by demurrer, by answer, and by specifications of error as to the findings and judgment, attacks the constitutionality of the provisions of C. S., sec. 1508, as amended. Appellant contends that this action is an attempt to take property of the district "without due process of law and

without affording defendant the equal protection of the law," in violation of the 5th and 14th amendments to the federal constitution, and section 13 of article 1 of the constitution of Idaho; and that the act, "in so far as it attempts to justify the plaintiff in this proceeding," is "unconstitutional and void, and in conflict with paragraphs 8, 10 and 11 of section 19 of article 3, . . . . sections 5 and 6 of article 7, . . . . and sections 3 and 4 of article 8, of the state constitution, for the reasons: (a) That it is a special and local law . . . . ; (b) that it is an attempt (1) to levy and collect taxes by authority other than the authority of the taxing district," (2) "to duplicate taxation," (3) "to levy and impose taxes by one municipality and the authorities thereof on another and different municipality without the consent of the" latter, (4) "to impose a tax upon a municipal taxing district . . . . without the consent of the authorities . . . . to be taxed," (5) "to incur an indebtedness upon a municipal corporation . . . . without the vote or consent of the corporation, and without making previous provision for the payment of the same," and (6) "to lend the credit of one municipal corporation to the aid and assistance of another municipal corporation without the consent of the corporation to be charged."

[1] The power of the legislature to impose burdens upon counties, cities, towns or a highway district for public purposes, even without their consent, unless limited or prohibited by constitutional provisions, cannot be questioned, especially where, as in this case, the burden is declared to be, and to be ascertained by contract or in a court proceeding, only such amount as the district should fairly bear by reason of the benefit to the district, which benefit to the district is its justification and the basis of its being a district purpose. The power of the legislature, in the absence of some provision of the constitution, is plenary, and in such case it may impose burdens of construction or repair of highways where it pleases. (*State v. Nelson,* 36 Ida. 713, 213 Pac. 358.)

The power granted to counties and districts to contract to co-operate is not questioned, nor the right granted to resort to the court for a just and equitable division and apportionment of cost, if in the contract to co-operate they fail to provide for a division of the costs and thereafter fail to agree thereon. The objection that this act forces upon a district the making of a contract is of no particular weight, for if the state can impose the burden upon a district without a contract, the alternative of a contract is not material. In fact, the burden is first laid to do the work or enter into a contract for co-operation as an alternative.

[2] Which, then, of the limitations claimed by appellant prevent, if at all, the results claimed for this enactment? The contention that this act violates the 5th and 14th amendments to the federal constitution, and section 13 of article 1 of the state constitution, need not be extendedly commented upon, for if it does violate those provisions, it is because it also violates some of the other constitutional provisions relied upon, for if they are complied with or not violated, then the taking is with due process. In fact, whether the taking is or is not by due process depends upon compliance with law, with the constitution in its other varied provisions. State constitutions are limitations upon the power of the legislature, and, so far as taxation legislation is concerned, unless confiscatory there would perhaps be no violation of the due process provision, in the absence of restrictions or provisions constituting due process to be in themselves violated.

[3] The authority of decisions in jurisdictions having either no constitutional restrictions as to equality of taxation, or limits upon the power of legislatures or other bodies to levy taxes, or provisions not essentially the same as ours, can have little or no weight in the controversy herein. The provisions of the act are not local or special, and do not violate either of paragraphs 8, 10 or 11 of section 19, article 3, for "its terms apply to, and its provisions operate upon, all persons and subject matters in like situation." (*Jones v. Power County,* 27 Ida. 656, 150 Pac. 35. See, also, *Wash-*

*ington County v. Paradis,* 38 Ida. 364 (369), 222 Pac. 775; *Hettinger v. Good Roads Dist. No. 1,* 19 Ida. 313, 113 Pac. 721.)

Idaho Const., art. 7, sec. 5, provides:

"All taxes shall be uniform upon the same class of subjects within the territorial limits, of the authority levying the tax, and shall be levied and collected under general laws, which shall prescribe such regulations as shall secure a just valuation for taxation of all property, real and personal. . . . . Duplicate taxation of property for the same purpose during the same year, is hereby prohibited."

This, in effect, requires that if a tax is to be levied by a county, it shall be uniform upon the same class of subjects within the county. Thus, if there is any ground for the interest of a county in the spending of the money, it must be a county purpose to authorize the levy, and the levy must be uniform throughout the county. If it be said that the tax is levied by the county for a district purpose, the provision of Const., art. 7, sec. 6, that the legislature may not impose taxes for any county, city, town or other municipal corporation, prevents it doing indirectly through the county that which it could not do directly; and the second provision authorizing the legislature to "by law invest in the corporate authorities thereof, respectively, the power to assess and collect taxes for all purposes of such corporation," by necessary implication denies the right of the legislature to invest in the corporate authorities of one such corporation the power to initiate and impose a tax upon and for the purposes of the other.

Counties are recognized by the constitution as subdivisions of the state, taxing units for raising money for county purposes, and if money is so raised by a county by a tax levy, it must be a county tax. To hold that a county may be given the right to levy a tax for a purpose is to concede that that purpose is a benefit to the county at large rather than to a district alone. If that is the case, then the principle protected by the constitution is that such tax shall be

uniform, and no subterfuge can accomplish the division of such levy in any other way.

[4] By its organization, a highway district takes over, under the law, the maintenance of highways within the district. (C. S., sec. 1507.) It, in addition, may lay out public highways independently of the county. (C. S., sec. 1510.) It may levy taxes in addition to county taxes for its purposes. (C. S., secs. 1532, 1533, 1536.) The legislature may authorize a county to lay out or repair a road in a district, but when it, as a county, does so, it must be because it is a county purpose, because something larger in public interest than the interest of the district demands requires, or will be benefited by the use of, the road. A district may be compelled to contribute, but if by a county tax, the way recognized by the constitution is in equality of taxation in the area, uniform within the territorial limits of the authority levying the tax.

[5] While the legislature may authorize a county to levy, as a county tax, that which when expended may benefit an included district, it cannot give the county power to levy a tax solely within the district, not uniform throughout the county, in the guise of a district tax, in which the district has no voice. (*Hutchinson v. Ozark Land Co.*, 57 Ark. 554, 38 Am. St. 258, 22 S. W. 173; *State v. Stanford*, 24 Utah, 148, 66 Pac. 1061. See, also, *In re House Bill No. 270*, 9 Colo. 635, 21 Pac. 476.)

The legislature can confer no greater power upon the county to impose an expense or a tax upon a district or portion of the county than that it share by taxation in the burdens of the county for the general good of the county. Neither can the district impose a duty upon the county to expend county money, because of its determination to build a road which may, in effect, benefit the county at large. To do so would be to vest in the district, through a court, the power to determine that that was for the county's benefit in whatever great or slight degree it might adjudicate, and in effect impose a burden upon the county, and thus force a tax levy, not by the choice of the tax-levying unit as a whole,

but because the smaller district had so chosen; in effect, by circumlocution permitting the district to impose a tax upon the county without its choice.

This court, in *Independent Highway Dist. No. 2 v. Ada County*, 24 Ida. 416, 134 Pac. 542, quoted with approval from *State v. Board of Commrs.* (Ind.), 82 N. E. 482, thus: "The construction and repair of public highways by the state under any system it may adopt is the exercise of a state function, and is, as was said by Judge Cooley, *supra*, the exercise of one of the most important functions of government," and added: "If the legislature has enacted a law that is unwise or unjust, the remedy must be sought from the legislature and not from the judicial department of the state."

We do not determine that the state may not directly or through a county enforce a duty upon a lesser unit to comply with the will of the state and repair or maintain a highway, or may not empower a county to enforce repair of highways within the county, nor in what manner this may or may not be done, except that it may not be done in the manner sought to be enforced herein. The power of the legislature to impose upon a county, or a lesser included unit, the duty of repair and maintenance of highways, or to enforce the performance of that duty by appropriate legislation, if such be now lacking, is not before the court, except in the manner in which it has been herein sought to be imposed, to wit: by permitting a county to enforce such duty at its will by the levy of a tax by the county upon the lesser unit, which is not uniform throughout or extended to the other portions of the county.

[6] A highway district is such taxing unit as is included in the designation municipal corporation in section 6 of article 7 of the constitution. (*Shoshone Highway Dist. v. Anderson*, 22 Ida. 109, 125 Pac. 219.) The act in the remedy provided violates sections 5 and 6 of article 7 of the constitution.

It is unnecessary to discuss other or further issues.

Points Decided.

The judgment is reversed, with directions to dismiss the action. Costs to appellant.

Wm. E. Lee, C. J., and Budge and Givens, JJ., concur.

Petition for rehearing denied.