500 P.2d 845

### The DISTRICT BOARD OF HEALTH OF PUBLIC HEALTH DISTRICT NO. 5, State of Idaho, Plaintiff,

v.

### William L. CHANCEY et al., Defendants.

No. 11066.

Supreme Court of Idaho.

Aug. 22, 1972.

Rehearing Denied Sept. 15, 1972.

Parry, Robertson, Daly & Larson, Twin Falls, for plaintiff.

Leon E. Smith, Jr., Pros. Atty., Douglas D. Kramer, Special Asst. Pros. Atty., Twin Falls, for defendants.

SHEPARD, Justice.

This is an original proceeding in which plaintiff seeks a Writ of Mandate to compel the defendants, who are certain officers of Twin Falls County, to appropriate for and pay to the plaintiff certain amounts of money. This court issued an Alternative Writ of Mandate required defendants to make return thereto and hearing was held thereon. We order the Alternative Writ made permanent.

The 1970 Legislature (Chap. 90, 1970 Idaho Session Laws, now codified as Chapter 4, Title 39, Idaho Code) created seven public health districts within the

State of Idaho. The area of Public Health District No. 5 includes the eight counties in the Magic Valley area, one of which is Twin Falls County. The defendants are the Board of County Commissioners and the Auditor-Budget Officer of Twin Falls County.

The pertinent legislation provides for the organization of public health districts and prescribes their powers, authorities and duties. I.C. § 39–423 [1] provides that the chairmen of the Boards of County Commissioners within the districts are constituted as the Budget Committee of the Public Health District. The Public Health District is required to submit a preliminary budget for its operation and the budget committee, following a public hearing, is required to agree upon and set a budget for the operation of the Public Health District. I.C. § 39–424 [2] requires that the cost of maintenance of the Public Health District shall be borne by the counties within the district based on the proportion of each county's population to the total population within the District.

Pursuant to the legislation, the budget committee of Public Health District No. 5 (comprised of the eight chairmen of the county commissioners of the counties within the public health district) met and held the required public hearing. Thereafter the budget committee voted to approve a Public Health District budget based on a per capita assessment of $1.66 per each person in the public health district. The

total amount of that budget was $170,958.-00. The sole dissenting vote was registered by the chairman of the county commissioners of Twin Falls. The Twin Falls County share of the total budget was $69,400.00. Thereafter the county commissioners of Twin Falls County refused to budget for said amount of $69,400.00 but rather in its tentative appropriation has budgeted for $51,000.00. Plaintiff brings this proceeding to compel the county commissioners of Twin Falls to appropriate for and pay into Public Health District No. 5 the sum of $69,400.00.

■ Defendants initially contend that the issuance of a Writ of Mandamus is not authorized or appropriate in the circumstances. I.C. § 7–302 authorizes the issuance of writs of mandate by

" * * * any court except a justice's or probate court, to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station; or to compel the admission of a party to the use and the enjoyment of a right or office to which he is entitled, * * *."

I.C. § 7–303 provides:

"The writ must be issued in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law. It must be issued upon affidavit, on the application of the party beneficially interested."

1. The chairman [chairmen] of the boards of county commissioners located within the public health district are hereby constituted as the budget committee of the public health district. * * *
On or before the first Monday in December, there will be held at a time and place determined by the budget committee a budget committee meeting and public hearing upon the proposed budget of the district. At such meeting, the state board of health shall submit a tentative projection of state aid available as determined in compliance with the provisions of section 39–425.
Between the first Monday in December and the first Monday in January, a

budget for the public health district shall be agreed upon and approved by a majority of the budget committee. Such determination shall be binding upon all counties within the district and the district itself.

2. The cost of maintenance of the district by the individual participating counties shall be determined on the basis of the total population of the county in proportion to the total population of the public health district. The population will be determined by the last general census or any subsequent special census. The proportion shall be the percentage of cost each county shall participate in the public health district.

■ Although mandamus will not issue when an applicant has a plain, speedy or adequate remedy in the ordinary course of law, Silver Bowl, Inc. v. Equity Metals, Inc., 93 Idaho 487, 464 P.2d 926 (1970); Nancy Lee Mines, Inc. v. Harrison, 93 Idaho 652, 471 P.2d 39 (1970), it is nevertheless clear that plaintiff in this case has no speedy or adequate remedy in the ordinary course of law. Plaintiff has enjoined upon it the performance of certain duties under the statute. Those duties cannot be performed retroactively but must be performed at the time needed. Plaintiff must have funds in its budget to perform the necessary services. The failure of the defendants to provide Twin Falls County's full share of the budget will diminish the ability of the plaintiff to furnish those services. Under the provisions of I.C. § 39–425, the State Board of Health will provide to plaintiff certain matching funds but if the original budget funds are not provided by the respective counties a portion of those state matching funds will be lost. All these considerations eliminate the possibility of plaintiff resolving the problem through the ordinary course of law.

I.C. § 31–604, 31–811 authorizes county commissioners to levy and collect taxes, Article 18, Section 6 of the Constitution of Idaho provides:

"All taxes shall be collected by the officer or officers designated by law."

I.C. § 39–424 requires the various counties to participate in the financing of the Public Health District. The duty to participate in the financing is imposed upon the county. The county commissioners clearly have the power to levy and collect taxes. Therefore, no discretion exists in the Board of County Commissioners to in any manner avoid this clear legal duty. The duty is ministerial and therefore subject to the Writ of Mandate. As stated in State ex rel. Williams v. Adams, 90 Idaho 195, 409 P.2d 415 (1965):

"Mandamus will lie if the party seeking it has a clear legal right to have the act done for which he seeks the writ, and it is the clear duty of the officer to act. * * * Such act or duty must be ministerial and not require the exercise of discretion. * * *"

See also: Silver Bowl, Inc. v. Equity Metals, Inc., *supra*; Allen v. Smylie, 92 Idaho 846, 452 P.2d 343 (1969).

Plaintiff has presented a prima facie case for the issuance of the Alternative Writ of Mandate. Defendants, however, further object to various of the authorizing statutes and procedures set forth in the Public Health District legislation, Chapter 4, Title 39, Idaho Code.

■ Defendants assert that the course chosen by the legislature in enactment of the public health district law is in violation of the Constitution, Article 2, Section 1, setting forth the doctrine of the separation of powers and Article 18, Sections 1 through 11, establishing county government in Idaho. The argument of defendants goes primarily to the collection of taxes and the assertion that the legislation intrudes upon the taxation function of county government. We see no conflict between any of the above constitutional provisions and the legislation creating the public health districts. The levying and collecting of taxes in the instant case are all performed at and by the county level of government properly acting in its executive capacity. The fact that the county was and is willing to levy and collect taxes and turn the amounts so collected over to the Public Health District, albeit in a smaller amount than demanded, militates against the argument of defendants.

■■ Defendants next contend that no proper voice is given the taxpayers of the counties within the Public Health District to vote approval or disapproval on the budget. As set forth in I.C. § 39–423 a public hearing is required and was in fact held. The legislation in question sets forth guidelines for the operation of the plaintiff and I.C. § 39–425 and § 31–862 set limitations upon the maximum amount of tax which may be imposed. A citizen does not have a constitutional right to vote on every

948

question his government finds it necessary to resolve. Horner's Market, Inc. v. Tri-County Met. Transp. Dist., 256 Or. 124, 471 P.2d 798 (1970). The taxpayers and the general public within the Public Health District are able to express themselves through the medium of public hearings and through their opportunity to be represented by the election of legislators and county commissioners.

■ Defendants next assert that the budget committee is malapportioned in that each county has one member regardless of the population of the county. This assertion is not amplified by the defendants nor are we favored with any authority therefor. Assuming defendants have reference to "one man-one vote" principles enunciated at various times by the Supreme Court of the United States, such principles do not extend to the situation here. Sailors v. Board of Education of County of Kent, 387 U.S. 105, 87 S.Ct. 1549, 18 L.Ed.2d 650 (1967).

■ As heretofore indicated, the budget committee of the public health district approved a budget based on a per capita assessment of $1.66 per person. Because of the disparity in population as between the various counties within the district the mill levy necessary to obtain that $1.66 per person varies from county to county within the Public Health District with a range between 0.33 mills and 1.31 mills. Twin Falls County would be required to levy 1.-18 mills. Defendants urge that the imposition of different levy amounts from county to county within the Public Health District violates Article 7, Section 5 of the Idaho Constitution, which provides in pertinent part:

"All taxes shall be uniform upon the same class of subjects within the territorial limits, of the authority levying the

tax, and shall be levied and collected under general laws * * *."

That constitutional provision requires only that taxes be levied uniformly throughout Twin Falls County. The authority levying the tax is the County of Twin Falls and within that county the taxes are undeniably "uniform."

■■ Defendants next assert that I.C. § 39–423 "gives to the chairman of one county commission the authority to levy taxes in another county and by statute extends the constitutional power of the county commissioners to levy taxes beyond their own county" in violation of Article 18, Section 6 of the Constitution of Idaho. We do not agree. The passing of the budget in the case at bar is not a "levy" of the tax necessary to provide the funding thereof. The tax is not "collected" by the district but is performed by the proper officials of the particular county involved. We further reject the contention of the defendants that the creation of a public health district constitutes "a consolidation" of the counties within the strictures of Article 18, Section 4A of the Idaho Constitution. Herein all of the county governments within the Public Health District are still fully independent and distinct entities.

■ Defendants next assert that the Public Health District legislation is violative of Article 3, Section 19 of the Idaho Constitution prescribing the passage of local or special laws in certain cases.[3]

It is clear that the legislation in question herein is not "local" in operation since it applies equally to all areas of the state. Defendants suggest, however, that the legislation is "special" in nature and therefore violative of the pertinent constitutional provision. A statute was challenged as "special" legislation in Jones v. Power

3. The legislature shall not pass local or special laws in any of the following enumerated cases, that is to say: * * * Regulating county and township business * * *. For the assessment and collec-

tion of taxes. * * * Creating offices or prescribing the powers and duties of officers in counties * * * except as in this constitution otherwise provided * * *."

County, 27 Idaho 656, 150 P. 35 (1915), and therein the court defined a general statute as follows:

"A statute is general if its terms apply to, and its provisions operate upon, all persons and subject-matters in like situation."

It has also been stated "it is well settled that a law is not special in character 'if all persons subject to it are treated alike, under similar circumstances and conditions, in respect both of the privileges conferred and liabilities imposed.'" State v. Horn, 27 Idaho 782, 152 P. 275 (1915); Wanke v. Ziebarth Construction Company, 69 Idaho 64, 202 P.2d 384 (1949).

In the instant case the legislation applies equally to all counties in the state with no county or counties receiving any special consideration or treatment. The "privileges conferred and liabilities imposed" are equal under the statute and the statute is therefore general and not special.

■ Defendants next assert that the public health district in question is a "municipal corporation" within the meaning of Article 7, Section 6, of the Idaho Constitution and therefore violative of that section. That provision of our Idaho Constitution provides:

"The legislature shall not impose taxes for the purpose of any county, city, town, or other municipal corporation, but may by law invest in the corporate authorities thereof, respectively, the power to assess and collect taxes for all purposes of such corporation."

Article 12 of the Idaho Constitution is devoted to municipal corporations and we find nothing therein requiring us to conclude that public health districts should fall within the class of municipal corporations. It has been stated that the constitutional provision in question is to guarantee that the legislature cannot do indirectly through the counties that which it could not do directly. Idaho County v. Fenn Highway Dist., 43 Idaho 233, 253 P. 377 (1926). Just as Public School Districts have not been held to fall within the provisions of this constitutional section, Employment Security Agency v. Joint Class "A" School District No. 151, 88 Idaho 384, 400 P.2d 377 (1965), and Highway Districts have not been held to be municipal corporations, In re Rogers, 56 Idaho 521, 57 P.2d 342 (1936), so we hold that public health districts are not municipal corporations in that they do not act in the broad governmental manner but rather are a legislatively created administrative agency for a specific and limited purpose.

Defendants finally assert that there exist certain "factual questions." As herein noted ample public hearings are required under the statutes in question and further we note that judicial review is authorized under I.C. § 39–418. No showing is made that any of the above procedures were denied to the defendants nor that they have in any way attempted to use any of the statutory procedures to resolve the "factual questions" or obtain any relief.

The Alternative Writ is ordered made permanent. Costs to plaintiff.

McQUADE, C. J., and McFADDEN, J., concur.

DONALDSON, Justice (dissenting).

In my opinion, I.C. § 39–423 and I.C. § 39–422 are unconstitutional. I.C. § 39–423 provides as follows:

"39–423. *Budget committee of public health district.*—The chairman [chairmen] of the boards of county commissioners located within the public health district are hereby constituted as the budget committee of the public health district.

The district board will submit to the budget committee on the first Monday in November of each year the preliminary budget for the public health district and the estimated cost of each county, as determined by the provisions of section 39–425.

On or before the first Monday in December, there will be held at a time and place determined by the budget committee a budget committee meeting and pub-

lic hearing upon the proposed budget of the district. At such meeting, the state board of health shall submit a tentative projection of state aid available as determined in compliance with the provisions of section 39–425.

Between the first Monday in December and the first Monday in January, a budget for the public health district shall be agreed upon and approved by a majority of the budget committee. *Such determination shall be binding upon all counties within the district and the district itself."* Emphasis supplied.

This statute, in effect, gives the chairman of one county commission the authority to levy taxes in another county in violation of article 18, section 6 of the Idaho Constitution.

I.C. § 39–422 provides:

"*39–422. Public health district fund— Establishment—Divisions—Fiscal officer —Expenditures.*—(1) There is hereby authorized and established in the state treasury a special fund to be known as the public health district fund. Within the public health district fund there shall be seven (7) divisions, one (1) for each of the seven (7) public health districts. Each division within the fund will be under the exclusive control of its respective district board of health and no funds shall be withdrawn from such division of the fund unless authorized by the district board of health or their authorized agent. The state department of health will act as fiscal officer of the various health districts and perform such administrative functions as are necessary for deposits and withdrawals, and accounting for the funds of each division and the public health district fund.

(2) The expenditure of moneys from the public health district fund will be in accordance with Idaho law authorizing expenditures by other state agencies and departments."

With this section, the legislature appropriated money for each of the seven public health districts. In addition, the legisla-

ture has delegated to the district boards the duty to do all things delegated to them by the State Board of Health. I.C. § 39–414. Then, after delegating this duty through the State Board, the legislature delegated the power of taxation directly to the district boards. I.C. §§ 39–423 and 39–424. What has been created by the legislature is a super state agency with a budget financed in part by legislative appropriation, allocated to the seven public health districts, and in part by the district itself, which has the power to raise matching funds by assessing and levying taxes through the county. In effect, the super-agency has power to tax directly and can double its overall budget by action of its budget committee, which can bind both the district and county. In my opinion, this statute is an unconstitutional delegation of legislative powers and violates the doctrine of separation of powers. Article 2, section 1 of the Idaho Constitution provides:

"The powers of the government of this state are divided into three distinct departments, the legislative, executive and judicial; and no person or collection of persons charged with the exercise of powers properly belonging to one of these departments shall exercise any powers properly belonging to either of the others, except as in this constitution expressly directed or permitted."

The county commissioners of each of the counties of this state are the chief executive authorities of their counties. The levying of taxes is a legislative function; and the Constitution and statutes of this state specifically recognize that the collection of the same is a matter for the executive branch of government. The legislature can prescribe the manner of collection and penalties for non-payment, but the tax collector is a member of the executive branch. In this case, the legislature has delegated its taxing power to Public Health District No. 5 through the State Health Board, and has then imposed upon the executive branch of government (by I. C. § 39–423) the commandment: "Such de-

termination shall be binding upon all counties within the district and the district itself."

In creating these health districts, the legislature has so intermingled and intertwined legislative and executive functions —and county and state governments—that title 39, chapter 4 of the Idaho Code ignores the principle of separation of powers and constitutes an unconstitutional delegation of power.

BAKES, J., concurs in the dissent.