684 P.2d 286

**GREATER BOISE AUDITORIUM DISTRICT, Plaintiff-Respondent,**

v.

**ROYAL INN OF BOISE, a partnership, and Idahotel, Ltd., a limited partnership, Defendants-Appellants.**

No. 14763.

Supreme Court of Idaho.

June 28, 1984.

Stanley W. Welsh and Michael T. Spink of Clemons, Cosho & Humphrey, Boise, for defendants-appellants.

Chas. F. McDevitt of Givens, McDevitt, Pursley & Webb, Boise, for plaintiff-respondent.

Jim Jones, Atty. Gen., and Theodore V. Spangler, Jr., Deputy Atty. Gen., Boise, for amicus curiae, State of Idaho.

William J. Batt of Elam, Burke, Evans, Boyd & Koontz, Boise, for amicus curiae, Sun Valley Co.

SHEPARD, Justice.

This is an appeal from a declaratory judgment issued by the district court, holding constitutional legislation (I.C. § 67–4917A to –4917C) authorizing an auditorium district to impose a sales tax on receipts derived from the furnishing of hotel and motel rooms. We affirm.

I.C. Title 67, Chapter 49, authorizes establishment and administration of auditori-

um districts. I.C. § 67–4902 authorizes an auditorium district, "to build, operate, maintain and manage for public, commercial and/or industrial purposes by any available means public auditoriums, exhibition halls, convention centers, sports arenas and facilities of a similar nature, and for that purpose any such district shall have the power to construct, maintain, manage and operate such facilities." At the time of this litigation, the Greater Boise Auditorium District was the only such district organized in Idaho.

In 1978, the legislature enacted I.C. §§ 67–4917A to –4917C,[1] which authorize auditorium districts to impose a sales tax on receipts obtained from the rental of hotel and motel rooms. The Greater Boise Auditorium District imposed such a tax at the rate of 2%, and when the defendant hotel proprietors protested the collection of that tax, the auditorium district filed the instant action, seeking a declaratory judg-

ment that the legislative delegation of such taxing power was constitutional.

The district court, the Honorable J. Ray Durtschi, rejected defendants-appellants' argument that *State v. Nelson*, 36 Idaho 713, 213 P. 358 (1923), precluded the legislature from delegating to the auditorium district the authority to impose a tax, as in the instant case. Defendants contended the legislature could delegate only the power to tax real property. The district court held, however, that *Nelson* forbids only a delegation of unrestricted and unguided taxing power. On appeal, defendants-appellants' principal focus is again on the language of *State v. Nelson, supra*. An amicus curiae brief was filed by the State of Idaho, supporting the constitutionality and validity of the legislation.

The Idaho Constitution is a limitation upon, and not a grant of, legislative authority, and the legislature has plenary

1. **"67–4917A. Purposes.** The purposes of this act are to provide authority to auditorium or community center districts organized under chapter 49, title 67, Idaho Code, to levy and collect a 'hotel/motel room sales tax' on the receipts derived by hotels and motels within the district from the furnishing of hotel and motel rooms, except no tax shall be imposed where residence therein is maintained continuously under the terms of a lease or similar agreement for a period in excess of seven (7) days; and to provide for the levy of such sales tax in addition to the levy by a district of ad valorem taxes; and to provide for the collection, administration and remittance of said taxes by the state tax commission on behalf of an auditorium or community center district."

"67–4917B. Hotel/Motel room sales tax.—In addition to the ad valorem taxes and other means of providing revenue for such districts as provided by chapter 49, title 67, Idaho Code, the board shall have power and authority to levy a sales tax of not to exceed five percent (5%) of the receipts derived by hotels and motels within the district from the furnishing of hotel and motel rooms, except no tax shall be imposed where residence therein is maintained continuously under the terms of a lease or similar agreement for a period in excess of seven (7) days. The levy and collection of said sales tax shall not be subject to the limitations or other provisions of sections 67–4913, 67–4914, 67–4915 and 67–4916, Idaho Code. The revenues received by the district from such sales tax shall be deposited in the depository of the district.

Promptly following the adoption by the board of the resolution to levy such tax, the secretary of the board shall certify to the state tax commission that such levy has been adopted and shall state the effective date thereof and shall transmit to the commission a certified copy of such resolution. The effective date of any such levy shall not be earlier than the first day of the month not less than sixty (60) days following certification of such levy to the commission."

"67–4917C. Collection and administration of hotel/motel room sales tax by state tax commission.—A district which has levied a sales tax pursuant to section 67–4917B, Idaho Code, may contract with the state tax commission for the collection and administration of the tax in like manner, and under the definitions, rules and regulations of said commission for the collection and administration of the state sales tax under chapter 36, title 63, Idaho Code, on receipts from the furnishing of hotel and motel rooms. Monthly, following receipt by the state tax commission of revenues from such district hotel/motel room sales tax, the state tax commission shall remit the same to the auditorium district levying such tax, less a deduction for such fee as may be agreed upon between the commission and the board of such district for the commission's actual cost for the collection and administration of the tax. A district which levies such tax shall have the right to review and audit the records of collection thereof maintained by the commission and the returns of hotel and motel owners and operators. Alternatively, such district shall have authority to administer and collect such tax."

power in all matters of taxation except as prohibited or limited by the constitution. *Union Pacific R. Co. v. Board of Tax Appeals,* 103 Idaho 808, 654 P.2d 901 (1982). The legislature therefore may impose such taxes as it desires, in the absence of an express restriction in the constitution. *Idaho Telephone Co. v. Baird,* 91 Idaho 425, 423 P.2d 337 (1967); *State v. Johnson,* 50 Idaho 363, 296 P. 588 (1931); *Idaho County v. Fenn Highway Dist.,* 43 Idaho 233, 253 P. 377 (1926); *Shoshone Hwy. Dist. v. Anderson,* 22 Idaho 109, 125 P. 219 (1912).

■ Defendants-appellants argue that Idaho Const. art. 7, § 6 prohibits a legislative delegation of the power to impose a sales tax to an auditorium district. Idaho Const. art. 7, § 6 states:

"**§ 6. Municipal corporations to impose their own taxes.**—The legislature shall not impose taxes for the purpose of any county, city, town, or other municipal corporation, but may by law invest in the corporate authorities thereof, respectively, the power to assess and collect taxes for all purposes of such corporation."

A literal reading of that constitutional language, "the legislature ... may by law invest in [a municipal corporation] the power to assess and collect taxes ..." would appear to militate against the contentions of defendants-appellants here. However, that language was otherwise interpreted by the Court in *State v. Nelson,* 36 Idaho 713, 213 P. 358 (1923), which interpretation has been a source of continuing litigation thereafter. *See, e.g., Ada County v. Wright,* 60 Idaho 394, 92 P.2d 134 (1939); *Leonardson v. Moon,* 92 Idaho 796, 451 P.2d 542 (1969); *First American Title Co. of Idaho, Inc. v. Clark,* 99 Idaho 10, 576 P.2d 581 (1978).

In *Nelson,* the legislature had provided that a municipal corporation might "raise revenue by levying and collecting a license tax on any occupation or business within the limits of the municipality ..." The City of Rexburg enacted an ordinance imposing an occupational license tax for reve-

nue raising purposes, and Nelson, a physician, was prosecuted for non-payment of that tax.

The *Nelson* Court held the statute, and therefore the ordinance, invalid, on the basis of Idaho Const. art. 7, § 6. That Court noted that the functions of the legislature were to be exercised by it alone; except as authorized by the constitution, the legislature could not delegate its lawmaking powers to another authority. The Court held that the scope of the term "taxes," the imposition of which could be delegated under art. 7, § 6 of our constitution, was only ad valorem taxes.

Thus, a focus upon only that aspect of the decision of the *Nelson* Court, if it were to be followed today without any analysis of the remainder of the *Nelson* decision, would require us to hold in favor of defendants-appellants and to rule that the legislation authorizing the tax in question is invalid and unconstitutional. However, we agree with the conclusion of the trial court here that the crux of *Nelson* is its limitation upon the legislature's power to delegate its taxing authority. We deem that the concern of the *Nelson* Court, in view of the statute involved, was the lack of standards, guidelines, restrictions or qualifications of any sort placed in the delegating legislation. The *Nelson* court stressed that lack of legislative guidance, 36 Idaho at 719–720, 213 P. at 360:

"Appellant contends that because the legislature is invested with the power given it by sec. 2 of art. 7 to provide revenue for state purposes by other means than a valuation tax, it may invest corporate authorities in towns and cities with power to raise revenue in the same manner. It is a doctrine well established and frequently reiterated by the courts that the functions of the legislature must be exercised by it alone, and that they cannot be delegated, except to the extent and in the manner that may be expressly authorized by the organic law... All legislative power in the state government is by article 3 of the constitution vested in the Senate and House of Representa-

tives, and since the law-making power is assigned to the legislature, it is a fundamental principle of representative government that except as authorized by the constitution, the legislature cannot delegate any of its power to make laws to any other body or authority."

And again at 36 Idaho, p. 723, 213 P. at 361:

"In view of the guarded manner in which the legislature has invested the authorities of cities and villages with the power to assess property and collect revenue for corporate purposes, and of the almost universal restrictions and limitations found in the various provisions of the statute limiting the power of the governing boards of counties, cities, villages and other subdivisions of the state, it is not believed that the legislature intended by C.S., sec. 3945, to give to the authorities of cities and villages the power without any limitation to raise any amount of revenue that such governing boards may decide necessary for municipal purposes by a license tax upon the citizens and the business or professions carried on in these municipalities, or by a per capita tax upon the inhabitants of such cities and villages. But if it was the purpose of the legislature to invest the governing boards of municipalities with such unrestricted power, we think that such power is not given to the legislature by the organic law, and that it cannot invest such authority in municipal corporations."

We note further the opinion of the trial court here, analyzing the language of Idaho Const. art. 7, § 6, in light of other pertinent constitutional provisions, i.e., art. 7, § 2, and art. 7, § 5, which sections respectively provide:

"**§ 2. Revenue to be provided by taxation.**—The legislature shall provide such revenue as may be needful, by levying a tax by valuation, so that every person or corporation shall pay a tax in proportion to the value of his, her, or its property, except as in this article hereinafter otherwise provided. The legisla-

ture may also impose a license tax, both upon natural persons and upon corporations, other than municipal, doing business in this state; also a per capita tax: provided, the legislature may exempt a limited amount of improvements upon land from taxation."

"**§ 5. Taxes to be uniform—Exemptions.**—All taxes shall be uniform upon the same class of subjects within the territorial limits, of the authority levying the tax, and shall be levied and collected under general laws, which shall prescribe such regulations as shall secure a just valuation for taxation of all property, real and personal: provided, that the legislature may allow such exemptions from taxation from time to time as shall seem necessary and just, and all existing exemptions provided by the laws of the territory, shall continue until changed by the legislature of the state: provided further, that duplicate taxation of property for the same purpose during the same year, is hereby prohibited."

The trial court's well-reasoned analysis stated:

"Analysis of the language used in Art. 7, sec. 6 indicates that the conclusion that it refers only to ad valorem taxes is inconsistent with the language and phraseology used elsewhere in that Article.

"At the outset anyone with even a rudimentary knowledge of the use of ad valorem taxation knows that property subject to the tax is 'assessed' and the taxes are then 'levied' and 'collected.' In referring to ad valorem taxes in Art. 7, sec. 2, the framers are consistent in this terminology, i.e., they speak of 'levying a tax by valuation'. They then speak of 'imposing' license and per capita taxes. Again in sec. 5, in referring to ad valorem taxes the framers speak in terms of 'levied and collected.' Significantly, in sec. 6, however, the term 'levied' is never used. Rather in the first clause, which is a limitation on legislative power the term 'impose' is used and in the second clause which purports to be a grant of power the terms 'assess and collect' are used.

To be consistent if it was intended to limit this to ad valorem taxes the same term, i.e., 'levy' should have been carried into this section.

"In short I think the Nelson case really holds that the purported grant of power in Art. 7, sec. 6, did not do away with the separation of powers doctrine, but that the legislature had to act within and in conformance with the doctrine of separation of powers in delegating authority to cities and counties to impose or assess taxes. This obviously had not been done in the statute involved in that case. Consistent with these conclusions I now make my formal Findings and Conclusions."

█ We agree with the analysis of the trial court which, in essence, held that the defendants-appellants' interpretation of art. 7, § 6 and of *Nelson, supra,* as allowing municipalities to levy only property taxes, was unduly narrow and, to that extent, erroneous. To the extent that *Nelson* holds that the legislature may delegate taxing authority to municipal corporations only as to property taxes, it is overruled.

However, we emphasize that certain constitutional standards must be met in any delegation of legislative authority to a lesser entity of government. *See* Idaho Const. art. 3, § 1; *Idaho Savings and Loan Assoc. v. Roden,* 82 Idaho 128, 350 P.2d 225 (1960); *Boise Redevelopment Agency v. Yick Kong Corp.,* 94 Idaho 876, 499 P.2d 575 (1972). Those constitutional standards are met by the adequate safeguards built into the statute at issue here. I.C. §§ 67–4917A to 67–4917C specifically define the incidence of the tax, set forth applicable exemptions, set 5% of the maximum amount which may be imposed, and delineate administration and collection of the tax through incorporation of the Idaho Sales Tax Act.

We note the analysis of the amicus curiae State, which points out the inconsistency with which *Nelson* has been applied and the lack of any predictability of this Court's interpretation of the term "municipal corporation" in art. 7, § 6. It is arguable that this Court has interpreted the term "municipal corporation" of art. 7, § 6, dependent upon its desire to validate or invalidate a tax which might be considered invalid under *Nelson.* It appears that the application of art. 7, § 6 then becomes an exercise in defining "municipal corporation," with results that are at best uneven and at worst chaotic.

For example, the Court has held a highway district formed pursuant to I.C. Title 40, Chapter 16, to be a municipal corporation within the meaning of that term under art. 7, § 6 (*Idaho County v. Fenn Hwy. Dist.,* 43 Idaho 233, 253 P. 377 (1926)), but has also held a good road district under Title 40, Chapter 15 not to be a municipal corporation (*In re Rogers, Randall & Pitzen,* 56 Idaho 521, 57 P.2d 342 (1936); *Strickfaden v. Green Creek Hwy. Dist.,* 42 Idaho 738, 248 P. 456 (1926)). It has also been held that the term "municipal corporation" in art. 7, § 6 does not include public health districts (*District Bd. of Health of P.H. Dist. No. 5 v. Chancey,* 94 Idaho 944, 500 P.2d 845 (1972)); or school districts (*Fenton v. Bd. of County Commrs.,* 20 Idaho 392, 119 P. 41 (1911); *Employment Security Agency v. Joint Class "A" Dist.,* 88 Idaho 384, 400 P.2d 377 (1965)).

Thus, defendants-appellants must necessarily urge that public health districts and school districts may impose taxes such as sales or income taxes without violating Idaho Const. art. 7, § 6, but counties and cities may not do so. We further note the statutes which authorize certain functions to be performed by special districts, which functions, on the other hand, may not be carried out by cities or counties, under the interpretation of Idaho Const. art. 7, § 6 urged by defendants-appellants. *See, e.g.,* I.C. § 31–1401, *et seq.* (fire districts); I.C. § 39–1301, *et seq.* (hospital districts); I.C. § 33–2701, *et seq.* (library districts); I.C. § 22–4301, *et seq.* (weather modification districts). It would be incongruous to hold that such districts, as taxing authorities, are free to impose license and per capita taxes under their authorizing legislation, but that cities and counties which perform the same functions are not free to impose

such taxes, but may impose only property taxes. We are not persuaded that the drafters of our constitution intended such an inconsistent result, and we will construe our constitution to achieve the practical effect intended by the framers. *Higer v. Hansen,* 67 Idaho 45, 170 P.2d 411 (1946); *Fletcher v. Gifford,* 20 Idaho 18, 115 P. 842 (1911). To the extent that *State v. Nelson, supra,* is inconsistent with today's decision, it is overruled.

The decision of the district court is affirmed. No costs or attorney's fees on appeal.

DONALDSON, C.J., and BAKES, BISTLINE and HUNTLEY, JJ., concur.