931 P.2d 1201

**In the Matter of Michael Von Jones, Tax Parcel Numbers RP10S23E272800A, RP000140030020A, RP10S23E215248A, RP10S23E215249A.**

**Michael VON JONES, Petitioner–Appellant,**

v.

**The BOARD OF COUNTY COMMISSIONERS, CASSIA COUNTY, Idaho, Respondent.**

No. 22216.

Supreme Court of Idaho,
Boise, November 1996 Term.

Jan. 27, 1997.

Roark, Rivers, Baxter & Phillips, Hailey, for appellant.  R. Keith Roark argued.

Tuft & Bywater, Burley, for respondent. Stephen A. Bywater argued.

SCHROEDER, Justice.

This is an appeal by Michael Von Jones, a property owner in Cassia County, who contests the revocation of his homeowner's exemption.  The revocation was approved by

the Cassia County Board of County Commissioners. The district court affirmed the determinations of the County Commissioners on appeal.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

Michael Von Jones (Von Jones) is the owner of property in Cassia County, Idaho. He had been granted a homeowner's exemption alleviating him from paying certain property taxes. In order to receive the homeowner's exemption section 63–105DD of the Idaho Code requires the affected property be "owner occupied" and the applicant's "primary dwelling place." I.C. § 63–105DD(2)(a), (c)(ii).

In an unrelated contempt proceeding, Von Jones gave the following testimony indicating he no longer resided at the exempted property:

Question: "You also continue to own a home in Burley, Idaho?"

Answer: "I have a home and several pieces of real estate in Burley, yes."

Question: "And what is the status of your residence in Burley?"

Answer: "My residence is occupied by my daughter and her husband."

Question: "You no longer consider yourself to be a resident of that home or that household?"

Answer: "No, I don't."

In the fall of 1988 the Cassia County Assessor received information that Von Jones no longer resided in the house located on the property, parcel RP10S23E272800A, and sent Von Jones a letter by certified mail advising him of the county's intent to remove the homeowner's exemption based on his failure to reside at the residence. Von Jones did not pick up the letter, and it was returned to the Cassia County Assessor's Office with the notation "moved, left no address." In the spring of 1989 a taxpayer's

valuation assessment notice was mailed to Von Jones, pursuant to section 63–1103 of the Idaho Code, advising him of the Assessor's valuation of his property for that year and advising him that the homeowner's exemption was revoked. The notice also advised Von Jones that any disagreements with the valuation or exemption status of the property needed to be filed with the Board of Equalization prior to the fourth Monday in June, 1989.[1] Von Jones did not appear before the Board of Equalization to contest the county's valuation of his property or the lack of homeowner's exemption.

The tax collector of Cassia County mailed a tax notice to Von Jones prior to the fourth Monday of November containing the information set forth in I.C. § 63–1103, including the full market value and an indication that no homeowner's exemption applied to the residential property. The 1989 taxes were assessed without the homeowner's exemption and were paid by Von Jones.

In early 1990 the Cassia County Assessor issued a taxpayer's valuation assessment notice to Von Jones which indicated the taxable value of the property. This valuation did not include a credit for a homeowner's exemption. Once again, the notice mailed to Von Jones included notice of a right of review before the Cassia County Board of Equalization. Von Jones did not pursue a right of review. Von Jones did not protest the assessment of the taxes on the property at the time they were assessed in November of 1990, nor did he protest the market value assessment as valued on the assessment roll in the spring of 1990.

In November of 1990 the Cassia County tax collector issued a tax notice to Von Jones. Von Jones did not pay the first half of the 1990 taxes prior to December 20, 1990. A delinquent entry for four parcels was entered as of January 1, 1991, in the records of the Cassia County Treasurer. The total amount of delinquent taxes due for the residential

---

1. The Board of County Commissioners of Cassia County met as a Board of Equalization, at least once every month in the years 1989 and 1990 up to the fourth Monday of June, for the purpose of equalizing the assessments of property on real and personal property in Cassia County, and ruling upon exemption questions pursuant to I.C. §§ 63–401–02.

property at issue was $4,323.88.[2] Von Jones did not cure that delinquency, nor did he pay any taxes on or before June 20, 1991, when the second half of the 1990 real property taxes were due. On July 1, 1991, the tax collector made a second delinquency entry on Von Jones' parcels.

Subsequent to the 1990 delinquency entries Von Jones was given biannual notice for three years of the delinquency. In 1994 the County Treasurer issued a Notice of Pending Issue of Tax Deed. Von Jones was notified that the property at issue would be the subject of tax deeds conveying the property to Cassia County, Idaho, unless the taxes, together with interest and penalties, were paid within thirty (30) days of the date of the notice. Von Jones filed an objection to the proposed action of the Cassia County Treasurer and requested a hearing before the Board of County Commissioners for Cassia County.

A hearing was held before the Board of County Commissioners on July 25, 1994, pursuant to section 63–1126D of the Idaho Code. The Commission found that the County Treasurer had conformed to the requirements of sections 63–1126B, and 63–1126C of the Idaho Code and stated that "based upon the facts that were available to the Cassia County Assessor, as set forth in Exhibit 6 to the record, the Assessor had a reasonable basis for determining that the Respondent had abandoned his residency in Cassia County, and that the Assessor was justified in removing the Homeowner's Exemption from parcel RP10S23E272800A." The Commission further found that "the issue of removal of his homeowners exemption at this time is untimely, and is not a matter properly before the Board for consideration as a defense to the issuance of the tax deed." The Board ordered tax deeds to be issued against the property conveying the property to Cassia County.

Von Jones filed a Petition for Judicial Review of the Order of the Board of the County Commissioners. The district court affirmed

the decision of the Commission. Von Jones appealed to this Court.

## II.

## STANDARD OF REVIEW

On appeal this Court reviews agency decisions independently of appellate decisions by the district court. *Willig v. State, Dep't of Health & Welfare,* 127 Idaho 259, 899 P.2d 969 (1995); *Boise Group Homes, Inc. v. Idaho Dep't of Health & Welfare,* 123 Idaho 908, 909, 854 P.2d 251, 252 (1993); *Dovel v. Dobson,* 122 Idaho 59, 61, 831 P.2d 527, 529 (1992).

Judicial review is confined to the record, and the reviewing court does not substitute its judgment for that of the administrative agency on questions of fact. *Boise Group Homes,* 123 Idaho at 909, 854 P.2d at 252; *Dovel,* 122 Idaho at 61, 831 P.2d at 529; *Morgan v. Idaho Dep't of Health & Welfare,* 120 Idaho 6, 8–9, 813 P.2d 345, 347–48 (1991). The Court may reverse or modify if substantial rights of the parties have been prejudiced by administrative findings which violate constitutional or statutory provisions, are in excess of authority, are made upon unlawful procedure, or are clearly erroneous or arbitrary and capricious. *Dovel,* 122 Idaho at 61, 831 P.2d at 529 (citing *State ex rel. Richardson v. Pierandozzi,* 117 Idaho 1, 784 P.2d 331 (1989)). Factual determinations are not erroneous when they are supported by competent and substantial evidence even though conflicting evidence exists. *Wulff v. Sun Valley Co.,* 127 Idaho 71, 73–74, 896 P.2d 979, 981–82 (1995). Erroneous conclusions of law made by an agency may be corrected on appeal. *See Love v. Board of County Comm. of Bingham County,* 105 Idaho 558, 671 P.2d 471 (1983).

If the Court cannot find any support for the Commission's decision it can reverse the decision or remand the case for further proceedings. *Dovel,* 122 Idaho at 61, 831 P.2d at 529; *Idaho County Nursing Home v. Department of Health & Welfare,* 120 Idaho

2. Von Jones stipulated on the record that the Cassia County Treasurer had complied in all respects with the provisions of I.C. § 63–1126 for notice to Von Jones for pending issuance of tax deed and the prior notices of tax delinquency.

933, 940, 821 P.2d 988, 995 (1991); *Love,* 105 Idaho 558, 671 P.2d 471.

## III.

## THERE WAS A VALID REVOCATION OF THE HOMEOWNER'S EXEMPTION BY THE COUNTY COMMISSION.

A property owner may apply to the County Assessor for an exemption of a portion of the market value of residential property from the *ad valorem* property tax. I.C. § 63–105DD. To qualify for the exemption the owner must certify to the County Assessor the following:

(i) He is making application for the exemption allowed by this section;

(ii) That the residential improvements are his primary dwelling place; and

(iii) That he has not made application in any other county for the exemption, and has not made application for the exemption on any other residential improvements in the county.

I.C. § 63–105DD(2)(c).

The residential property must be "owner-occupied" and used as the "primary dwelling place of the owner" as of January 1 of the taxing year. I.C. § 63–105DD(2)(a). The "primary dwelling place" is defined as "the single place where a claimant has his true, fixed and permanent home and principal establishment, and to which whenever the individual is absent he has the intention of returning." I.C. § 63–117(h)(i). Further, a claimant must establish the dwelling as his primary dwelling place by clear and convincing evidence and, if the residence is occupied for more than one year, that the dwelling is where the claimant resided at least six months during the prior year. "Occupied" is defined as "actual use and possession." I.C. § 63–117(i). Once the exemption is granted it remains valid, and reapplication is unnecessary unless the owner ceases to occupy the residence as the primary dwelling place as of January 1 of the tax year.

The County Assessor is the official charged with administering applications for the homeowner's exemptions. I.C. § 63–105DD. However, the Board of County Commissioners is the body that actually grants the exemption. The Board of Commissioners has the duty to "act upon all claims for exemptions filed in accordance with the provisions of this act, and must either allow or disallow the same in the manner provided by law." I.C. § 63–402. A corollary to this procedure is that only the Board of Commissioners, not the Assessor, may revoke the homeowner's exemption. However, initiation of procedures to obtain the exemption commence with an application submitted to the Assessor. Similarly, the Assessor may initiate procedures to revoke the exemption when the Assessor receives information indicating that the homeowner is not entitled to the exemption. The decision to revoke the exemption ultimately lies with the Board of Commissioners.

■ It does not appear that the issue of the County Assessor exceeding statutory authority was presented to the Board. However, the duties of the County Assessor are prescribed in title 63, relating to revenue. I.C. § 31–2501. Idaho Code section 63–210 sets forth the duties of the Assessor to note neglect or evasion of property taxes. This section states:

The assessor shall note after entry of the property in the assessment roll, all cases where the owner, agent or other person required by this act to list property was, at the time of assessment, either absent or not a resident of the county, and all cases where any person has refused or failed to make sworn taxpayer's declaration required of him, or refused to answer any question asked of him by the assessor in reference to the assessment of property required to be listed by him, and all cases where the owner of the property, or his agent or representative, has wilfully concealed, removed, transferred, misrepresented or failed to list such property for the purpose of evading taxation.

I.C. § 63–210. It is the Assessor's duty to monitor the accuracy of the assessment rolls. In addition, I.C. § 63–105DD(2)(c) requires property owners to certify to the County Assessor that the requirements of the homeowner's exemption have been met. A corollary to the duty to monitor the accuracy of

the assessment rolls and to process applications for the exemption, is that the Assessor may initiate proceedings to revoke the homeowner's exemption if the Assessor knows of cause.

▆▆▆ The Assessor clearly had a basis to initiate proceedings to revoke the homeowner's exemption in this case. Von Jones had testified before a judge that he did not reside at the property and did not consider himself an Idaho resident. Thereafter, the Board of County Commissioners was required to meet as a Board of Equalization to equalize the assessment of property on the real and personal property rolls and to act on claims for exemptions, either allowing or disallowing the exemptions. I.C. §§ 63–401, – 02. This is the process by which an exemption would be allowed. It is also the process by which the exemption could be disallowed. In this case the revocation of Von Jones' homeowner's exemption occurred when the Board of County Commissioners acted. Thereafter, the applicability or nonapplicability of the exemption is contained in the valuation assessment notice mailed to the taxpayer by the first Monday in June of each year. Von Jones did not file a claim for exemption following the revocation proposed by the Assessor and did not appeal the assessment to the Board of Equalization. The Board of Equalization may consider an appeal only if it is timely filed. I.C. § 63–401A(1). An appeal of an assessment was not filed on or before the end of the county's normal business hours on the fourth Monday of June or on or before the fourth Monday in November of 1990, as required by section 63–401A of the Idaho Code. Von Jones first objection to the revocation was sometime in 1994. The Board was correct in concluding that Von Jones is untimely in his appeal of the assessment on his Burley property for the 1990 property taxes.

## IV.

### VON JONES WAS NOT DENIED DUE PROCESS.

▆▆▆ Von Jones asserts that his due process rights were violated by the revocation of his homeowner's exemption. Due process requires the right to timely notice and the right to be heard in a meaningful forum. *In re Matter of Adoption of Chaney,* 126 Idaho 554, 556, 887 P.2d 1061, 1063 (1995); U.S. Const. Amend. XIV.

The Assessor sent Von Jones a letter by certified mail indicating the county's intent to remove the homeowner's exemption, but Von Jones failed to pick up the letter. His neglect of his mail does not change the fact that notice of the potential revocation was sent to him. Von Jones was sent notice of the revocation of the exemption with both assessment notices for the 1990 tax year. Contained within the assessment notices was a notice to the taxpayer of a right to contest the valuation to the Board of Equalization. Von Jones also received notice of the tax delinquencies from the County Treasurer. At the hearing before the Board, Von Jones stipulated that the Cassia County Treasurer had complied in all respects with the provisions of I.C. § 63–1126 for notice to Von Jones for pending issuance of a tax deed and prior notices of tax delinquency.

Von Jones received adequate notice of the pending revocation of the exemption, the actual removal of the exemption, and the opportunity to appeal the decision. The fact that Von Jones chose not to appear before the Commission, sitting as a Board of Equalization, does not affect the fact that he had an opportunity to contest the revocation and to claim his continued entitlement to the exemption.

## V.

### VON JONES FAILED TO ESTABLISH AN EQUAL PROTECTION VIOLATION CLAIM.

Von Jones also claims in this appeal that commercial property he owns was assessed at a higher rate than "surrounding property." Article VII, section five, of the Idaho Constitution does require that all taxes be uniform upon the same class of subjects within a county. *Idaho County v. Fenn Highway Dist.,* 43 Idaho 233, 253 P. 377 (1926); *District Bd. of Health of Pub. Health Dist. No. 5 v. Chancey,* 94 Idaho 944, 500 P.2d 845 (1972).

Von Jones claims that this issue was raised before the Board but was not addressed in the Findings of Fact and Conclusions of Law issued by the Board. However, the transcript of proceedings before the Board is devoid of evidence to support the claim. There was no basis for the Board to determine that there was a violation of equal protection.

## VI.

## CONCLUSION

The decision of the district court affirming the decision of the Cassia County Board of Commissioners is affirmed. The respondent is allowed costs.

McDEVITT, C.J., and JOHNSON, TROUT and SILAK, JJ., concur.